MERRILL, Petitioner v. STATE, Respondent

(206 N.W.2d 828)

(File No. 11173. Opinion filed May 1, 1973)

Gordon Mydland, Atty. Gen., C. J. Kelly, Asst. Atty. Gen., Pierre, Roland E. Grosshans, State's Atty., Fall River County, Hot Springs, for respondent.

Allen G. Wilson, Hot Springs, for petitioner.

WOLLMAN, Justice.

Petitioner[1] appeals from the order denying his petition for post-conviction relief brought under the provisions of SDCL 23-52. Petitioner pleaded guilty to a charge of third degree burglary on March 9, 1970, and was sentenced to four years' imprisonment on April 9, 1970.

The only substantial question is whether petitioner's guilty plea must be vacated because the sentencing court failed to specifically advise petitioner of his constitutional right against self-incrimination.

---

1. The original petition and all following papers were entitled "State of South Dakota, plaintiff, v. William Merrill, defendant." We have retitled this proceeding in accordance with the rule announced in McMullen v. State, 84 S.D. 538, 173 N.W.2d 499.

Defendant was represented by a court-appointed attorney at the arraignment. After being told by the attorney that he had advised the petitioner of his constitutional rights, the court advised petitioner that:

> "* * * you are entitled to a trial by jury; you are entitled to have an attorney, which, of course, you have; you are entitled to have subpoenaed witnesses on your behalf to testify for you and on your behalf and at the expense of Fall River County. Further, you are entitled to have the right of cross-examination of any witnesses that are produced on behalf of the State. I should also advise you that, and I wish you would give me—What are the penalty limits in this matter?"

The court then went on to advise petitioner of the maximum penalty for the crime with which he had been charged. In response to the court's questions petitioner acknowledged that no one had threatened him or compelled him to enter his guilty plea and that no one had offered him anything in the way of leniency for entering the plea. Further, in answer to the court's questions petitioner acknowledged that he had broken into and entered the building in question for the purpose of taking property contained therein.

At the post-conviction hearing the state called as a witness the attorney who had represented petitioner at the time of the arraignment and plea (and who, of course, was not representing petitioner in the post-conviction proceedings). The attorney testified that he had advised petitioner of his constitutional right to remain silent and not to testify and that petitioner understood this matter. Petitioner, who testified on his own behalf at the post-conviction hearing, did not deny that he had been advised of his rights by his court-appointed attorney. We note parenthetically that at the time he was brought before the court to plead on the instant charge petitioner was serving a four-year penitentiary sentence imposed in another county in this state on a charge of possession of burglary tools and that at the time he entered the instant plea petitioner had, according to his own testimony, been convicted of seven prior felonies.

The issue, then, is whether the record made at a post-conviction hearing may be used to establish that an accused was aware of the constitutional rights mentioned in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, at the time he entered his plea and that his guilty plea was voluntarily and intelligently entered in accordance with the requirements of *Boykin* and Nachtigall v. Erickson, 85 S.D. 122, 178 N.W.2d 198.

The holding in *Boykin* was based upon the holding in Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, that it is impermissible to presume waiver of the right to counsel from a silent record and that "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer." 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, 77. The Court in *Boykin* held that the same standard must be applied to determining the voluntariness of the guilty plea. As the Court stated in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747:

> "The requirement that a plea of guilty must be intelligent and voluntary to be valid has long been recognized. * * * The new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily. * * *" 397 U.S. 742, 747, 90 S.Ct. 1463, 1468, n. 4.

In North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, the record revealed that at the time the guilty plea was entered defendant had acknowledged in response to his attorney's questions that he had been advised by his attorney of his rights in case he chose to go to trial. In reference to this record, the Court wrote:

> "At the state court hearing on post-conviction relief, the testimony confirmed that Alford had been fully informed by his attorney as to his rights on a plea of not guilty and as to the consequences of a plea of guilty. Since the record in this case affirmatively indicates that

Alford was aware of the consequences of his plea of guilty and of the rights waived by the plea, no issues of substance under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), would be presented even if that case was held applicable to the events here in question." 400 U.S. 25, 29, 91 S.Ct. 160, 163, n. 3.

We think that it is of significance that the Court's specific reference to the record made at the post-conviction hearing was accompanied by the reference to *Boykin*. We agree with the analysis of the holding in *Boykin* set forth by Mr. Justice Roberts in his concurring opinion in Commonwealth v. Godfrey, 434 Pa. 532, 254 A.2d 923:

"The fact that we require an on-the-record inquiry when a guilty plea is accepted does not, in my view, also require us to automatically wipe out the plea if no such inquiry is made. *Boykin* clearly says that we may not, without *more*, allow the plea to stand. That is what the Alabama Supreme Court did, and it was that action that the Supreme Court of the United States overturned. But where the state system provides a mechanism for fairly establishing a record and determining the validity of the guilty plea, I do not believe that the Supreme Court of the United States meant to—or properly could—mandate a prophylactic rule that the states would be required to follow, to overturn pleas *proven* valid on a *full record*. Clearly the Supreme Court thinks that is the best technique for insuring on-the-record inquiries, see McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). But while F.R.Crim.P. 11, as interpreted by *McCarthy* may be a desirable method of achieving a procedural compliance with the constitutional requirements of a guilty plea, I do not see how the exact form of *relief* can be constitutionally imposed on the states." 434 Pa. 532, 254 A.2d 923, 927.

See also Morgan v. State, Me., 287 A.2d 592; State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557; Ferren v.

Cupp, Or.App., 490 P.2d 208; Walker v. Caldwell, D.C., Ga., 335 F.Supp. 308; Meller v. Missouri, 8 Cir., 431 F.2d 120.

We recognize, of course, that some courts have held that the record must affirmatively show that the three *Boykin* rights were specifically and expressly enumerated for the benefit of and were waived by the accused prior to acceptance of his guilty plea. See, e.g., In re Tahl, 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449; People v. Rizer, 5 Cal.3d 35, 95 Cal.Rptr. 23, 484 P.2d 1367.

There is, however, a growing body of authority for the proposition that *Boykin* does not require the record to show an express enumeration by the court nor an express waiver by the defendant of the constitutional rights mentioned in *Boykin* as a condition precedent to a voluntary and intelligent guilty plea. See, e. g., State v. Turner, 186 Neb. 424, 183 N.W.2d 763; Edwards v. State, 51 Wis.2d 231, 186 N.W.2d 193; Wade v. Coiner, 4 Cir., 468 F.2d 1059; United States v. Frontero, 5 Cir., 452 F.2d 406; United States v. Sherman, 9 Cir., 474 F.2d 303; Stinson v. Turner, 10 Cir., 473 F.2d 913. [2]

We find this latter interpretation of *Boykin* to be persuasive. This does not mean, of course, that we are countenancing a return to the pre-*Boykin* practice of some trial courts to presume that a defendant represented by counsel has been made aware of his constitutional and statutory rights by his attorney prior to arraignment and that he understands those rights and is aware of the nature and consequences of his plea. As was pointed out in Nachtigall v. Erickson, supra, this state has long had the statutory requirement that the trial court must fully advise an accused of his rights before permitting the entry of a guilty plea. SDCL 23-35-19. We re-emphasize what was said in *Nachtigall*: that the court must actively participate by canvassing the matter with the accused.

The sentencing court in the instant case should have made a more complete record by advising petitioner of his

---

2. For an incisive analysis of the various interpretations of *Boykin* ("Pure Boykinism", "Orthodox Boykinism" and "Ecumenical Boykinism") see Mr. Justice Brennan's dissenting opinion in People v. Jaworski, 387 Mich. 21, 194 N.W.2d 868.

privilege against self-incrimination. We hold that the court's failure to do so will not vitiate the plea where the post-conviction proceedings clearly show that the petitioner was aware of his constitutional rights and that he understood those rights at the time he entered his guilty plea. Such a finding will support the ultimate finding that petitioner's guilty plea was in fact voluntarily and intelligently entered. [3]

We have considered petitioner's other claims and find that they are without merit.

The order denying post-conviction relief is affirmed.

BIEGELMEIER, C. J., and HANSON and WINANS, JJ., concur.

DOYLE, J., not participating.

---

3. We note that the trial court failed to make the findings of fact and conclusions of law required by SDCL 23-52-14 at the time he entered the order denying petitioner's claim for relief. Although the findings that were finally entered did not specifically include a finding that petitioner had been advised of his privilege against self-incrimination by his attorney prior to the guilty plea and that petitioner understood this right, there is a finding that petitioner's plea was knowingly and voluntarily entered. Our independent review of the record persuades us that this latter finding is manifestly correct. (The absence of a finding on the *Boykin* issue is no doubt due to the fact that petitioner did not squarely raise the question in his petition or in his proposed findings.)