**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Richard HOLMES, Defendant and Appellant.**

**Nos. 12407, 12408.**

Supreme Court of South Dakota.

Submitted on Briefs Aug. 2, 1978.

Decided Sept. 21, 1978.

Leann Larson Finke, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Michael A. Lyons of Doyle, Mahoney & Lyons, Sioux Falls, for defendant and appellant.

PORTER, Justice.

## CASE SUMMARY

Defendant appeals from his two convictions, for grand larceny and burglary, which were entered upon his plea of guilty. He admits participation in the burglary and theft but contends (1) that he was deprived of his right to be informed as to the nature of the charges before making his guilty plea; (2) that he was deprived of his right against self-incrimination because the trial court did not inquire whether his plea was prompted by an illegally obtained confession; and (3) that he was deprived of equal protection and the right to be free from

cruel and unusual punishment because his sentence was more severe than that imposed on others involved in the same crime. We hold that the trial court determined adequately that defendant's guilty plea was voluntary, intelligent, and knowing, and that since the sentence given was not so long that it "shock[ed] the conscience of men generally", it may not be attacked as too severe. We therefore affirm.

## FACTS

Defendant has admitted participation in the burglary and grand larceny committed at Larson Hardware in Sioux Falls on July 14, 1977.

Shortly after his arrest defendant may have confessed to a police detective that he participated in these crimes. On appeal defendant contends that his guilty plea was prompted by the existence of this confession, which the State has not shown to have been legally obtained. This contention was at no time presented to the trial court.

At his arraignment, the trial court informed defendant of his constitutional and statutory rights, and he waived them. The court also informed defendant of the nature of the charges against him. The indictment was read, and defendant was provided with a copy. The court enumerated the elements of the two offenses, and defendant responded that he understood what he was charged with. The date and address of the offenses were specifically enumerated. The court asked defendant what he was charged with. Defendant responded with the names of the crimes. Although he did not specifically say on the record that he understood the charges, he did say that he knew what he was charged with.

Defendant was sentenced to serve two concurrent four-year sentences in the South Dakota Penitentiary. Credit was given for four months served while awaiting disposition. The sentence was less severe than that which the State had agreed to recommend as a part of a plea bargain. Three others who participated in the crime were sentenced to a maximum of thirty days and probation, or given suspended impositions of sentence.

## ISSUES

ISSUE ONE: Did the trial court sufficiently inform defendant of the nature of the charges against him before receiving defendant's guilty plea?

ISSUE TWO: Did the trial court adequately inquire whether defendant's guilty plea was the result of an illegally obtained confession?

ISSUE THREE: Did the disparity in length of sentence deprive defendant of equal protection or constitute cruel and unusual punishment?

## DECISION

### ISSUE ONE

We conclude that the trial court adequately informed defendant of the nature of the charges before accepting his plea.

In order for a conviction based on a guilty plea to stand, the plea must be intelligent and voluntary. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Nachtigall v. Erickson,* 85 S.D. 122, 178 N.W.2d 198 (1970); *State v. Doherty,* S.D., 261 N.W.2d 677 (1978). Defendant must ordinarily be made to understand the nature of the plea by the trial court's "canvassing the matter with [him]." *Boykin,* supra. It is sufficient, however, when the record affirmatively shows that defendant understandingly and voluntarily entered his plea. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Merrill v. State,* 87 S.D. 285, 206 N.W.2d 828 (1973).

Defendant does not contend that the court inadequately informed him of his right against self-incrimination, his right to trial by jury or by the court, his right to representation by counsel, or the fact that a plea of guilty waives all these rights and is, in itself, a conviction of the offense. He does not contend that the court did not inform him of the maximum penalties for the offenses, nor that he was not informed

**54**

of what crimes he was charged with. Defendant's only contention is that the record does not affirmatively show that he understood the nature of the charges against him.

We have carefully reviewed the transcript of defendant's arraignment and conclude that this contention is without merit. It affirmatively appears on the record that the court canvassed the matter of the nature of the charges with the accused. *See* Appendix to this opinion. We find that this canvassing fully complied with the American Bar Association Standards for Guilty Pleas § 1.4(a). As noted in the comment to that section, it will in some instances be sufficient to read the indictment to the accused, as was done in this case. The elements of the offense were not couched in technical legal language, and could easily be understood by a lay person. The trial judge, however, did more. He explained the charges and told defendant exactly when and where the crime was alleged to have taken place. He asked defendant to repeat the names of the crimes and the maximum penalty for each. We conclude that the explanation was adequate. *See* Appendix.

There is also considerable support, aside from the trial court's canvassing of the matter with the accused, for the conclusion that defendant understood the nature of the charges. The trial court received a letter from defendant. The letter indicated that defendant was of above average intelligence and that he would understand the explanation given by the trial court. Defendant was advised by counsel of his choice, who explained the charges. The record also shows that defendant had previously been in court on felony charges. He would thus have a better understanding of courtroom procedures than someone who had not previously been charged.

The only reasonable conclusion that can be drawn from all the facts appearing on the record is that defendant understood the nature of the charges against him. His guilty plea was voluntary, intelligent, and knowing. Judgment of conviction was properly entered on this plea.

**ISSUE TWO**

We conclude that the trial court adequately inquired whether defendant's plea was based on an illegal confession.

 A judgment entered on a plea of guilty is not rendered invalid if defendant made a confession under circumstances which might have rendered the confession inadmissible at trial, where the guilty plea itself was voluntarily and understandingly made. *State ex rel. Condon v. Erickson,* 85 S.D. 302, 182 N.W.2d 304 (1970); *Runge v. State,* 86 S.D. 9, 190 N.W.2d 381 (1971); *State v. Thundershield,* S.D., 242 N.W.2d 159 (1976). *See also, North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Thus our only inquiry under this issue is whether defendant's guilty plea was voluntary.

The record is sufficient to indicate that the plea was voluntarily and knowingly made. *See* Appendix. Defendant's contention on this issue is thus without merit.

**ISSUE THREE**

 We conclude that defendant was denied neither equal protection nor the right to be free from cruel and unusual punishment by the fact that his sentence was more severe than that given others for the same offense.

As we said in *State v. Connor,* 86 S.D. 578, 199 N.W.2d 695 (1972) the trial judge was in a position to consider many factors in imposing sentence. He could particularly have considered the fact that defendant had two prior felony convictions in making defendant's sentence more severe than that of others involved in the same crime.

The duration of this sentence does not constitute cruel and unusual punishment, since it does not shock "the conscience of men generally." *State v. Bad Heart Bull,* S.D., 257 N.W.2d 715 (1977), *citing State v. Becker,* 3 S.D. 29, 51 N.W. 1018 (1892). The sentence is well within the prescribed statutory limits.

■ Finally, defendant may not be heard to complain of the length of his sentence, since it is a full year shorter than that which he agreed to accept as part of a plea bargain.

For the reasons stated we affirm the judgments of the trial court.

All the Justices concur.

## APPENDIX

The following quotes from the transcript of defendant's arraignment indicate that his plea was voluntary, intelligent, and knowing:

THE COURT: The Court will now inform you as to the nature and the cause of the accusations that have been lodged against you under each of these Indictments. Under the Indictment set forth in Criminal File 77–186, you are charged with the offense of grand larceny and under the Indictment filed in CR. 77–187 you are charged with the offense of burglary in the third degree, each of which are felonies under the laws of this state. And under the offense of grand larceny, either on a plea of guilty or a conviction by a jury, this Court may sentence you to a term not to exceed ten years in the South Dakota State Penitentiary or one year in the Minnehaha County Jail, and under the Indictment which charges you with burglary in the third degree, this Court could either upon a plea of guilty or a conviction by a jury, impose sentence not to exceed fifteen years in the South Dakota State Penitentiary. And in addition to each of these sentences of imprisonment, this Court could or may impose a fine not to exceed one thousand dollars. Now under the Indictment that charges you with grand larceny, it is alleged that you, Richard Holmes, on or about the 14th day of July, 1977, did by fraud or stealth, take, steal or carry away certain personal property that had a value of more than fifty dollars, that is, guns belonging to the Larson Hardware and that you took and carried away those guns without the consent and without the knowledge of the owners of the guns and that you did so with the intent to deprive the owners of that property. Now under the Indictment filed in CR. 77–187, it is alleged that you committed the offense of burglary in the third degree on the 14th day of July, 1977, in that you broke and entered the building located at 602 North Main Street in the City of Sioux Falls, Minnehaha County, South Dakota, in which building certain personal property was kept and owned by the Larson Hardware and that you broke and entered that building with the intent to commit a larceny or some other felony therein. Now under each of these Indictments, do you know what you are charged with?

THE DEFENDANT: Yes, sir.

THE COURT: And what are you charged with?

THE DEFENDANT: Grand larceny and burglary.

THE COURT: In the third degree.

THE DEFENDANT: Yeah.

THE COURT: And do you know the penalty that can be imposed upon you either upon a plea of guilty or conviction by a jury?

THE DEFENDANT: Yes, sir.

THE COURT: And what is that as it relates to grand larceny?

THE DEFENDANT: Grand larceny, it is not more than ten years in the State Penitentiary and burglary in the third degree is no more than fifteen years in the State Penitentiary.

THE COURT: Yes, and in addition to that, I should point out to you, Mr. Holmes, as it relates to the grand larceny charge, this Court could either impose a sentence not to exceed ten years in the State Penitentiary or in the alternative, could sentence you to a period not to exceed one year in the Minnehaha County Jail, do you recall that?

THE DEFENDANT: Yes, sir.

THE COURT: Now, Mr. Holmes, have any threats been made to you to get you to enter a plea here today?

THE DEFENDANT: No, sir.

THE COURT: Or that would tend to influence your plea here today?

THE DEFENDANT: No, sir.

THE COURT: Have any promises been made to you that would tend to influence you plea?

THE DEFENDANT: No, sir.

\* \* \* \* \* \*

THE COURT: And you previously had written me a letter in connection with the Indictments outstanding against you?

THE DEFENDANT: Yes, sir.

THE COURT: And I had had an opportunity to review those and I feel that you are competent, that there's no question about your ability or intelligence because of the phraseology and the use of words that you exhibited in that letter to me and I believe at that same time, at the time of the preliminary arraignment, I asked your permission to give a copy of that letter to your present attorney, do you recall that?

THE DEFENDANT: Yes, sir.

\* \* \* \* \* \*

THE COURT: So if you do enter a plea to the charge here today will that plea be a truthful plea, Mr. Holmes?

THE DEFENDANT: Yes, sir, it will.

THE COURT: Now I should also tell you about the direct consequences of entering a plea of guilty. A plea of guilty in the Court's mind means that it is an admission by a person as to the material facts and elements of the offense charged. Would you agree with that?

THE DEFENDANT: Yes, sir.

THE COURT: And by admitting the material facts or elements of the offense charged, do you realize, Mr. Holmes, that you would be waiving or giving up your right against compulsory self-incrimination. That is, by entering a plea of guilty you would be testifying against yourself and being a witness against yourself, is that correct?

THE DEFENDANT: Yes, sir.

\* \* \* \* \* \*

THE COURT: Now in connection with your plea, are you going to make up your. own mind as to that plea?

THE DEFENDANT: Yes sir.

THE COURT: And it will be your plea and nobody else's plea?

THE DEFENDANT: Yes, sir.

THE COURT: And you will make that plea regardless of the plea negotiations, is that correct?

THE DEFENDANT: Yes, sir.