**Gene Vernal LODERMEIER, Petitioner and Appellant,**

v.

**The STATE of South Dakota, Respondent.**

Nos. 12281, 12383.

Supreme Court of South Dakota.

Argued Sept. 13, 1978.

Decided Dec. 29, 1978.

Rehearing Denied Feb. 7, 1979.

Gale E. Fisher of May, Johnson, Doyle, Becker & Fisher, Sioux Falls, for petitioner and appellant.

John P. Guhin, Asst. Atty. Gen., Pierre, for respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

HECK, Circuit Judge.

This case involves a petition for post-conviction relief from a conviction for third degree burglary which was based upon petitioner Lodermeier's plea of guilty. The trial court denied the petition and petitioner appeals. We reverse and remand.

Petitioner was charged with third degree burglary in Brown County in 1968. At his arraignment, petitioner entered a plea of guilty. The sentencing judge suspended imposition of sentence and placed petitioner on probation. After a motion hearing in 1971, the trial court revoked the order suspending imposition of sentence and sentenced petitioner to one year in the state penitentiary. This sentence, however, was suspended, and petitioner was again placed on probation. Petitioner was discharged from his probation in 1972 upon satisfactory completion of his term of probation.

On May 6, 1977, petitioner filed a petition for post-conviction relief claiming that his guilty plea was illegal and void because there was no affirmative showing on the record that the plea was intelligent and voluntary or that petitioner intelligently waived his constitutional rights with respect to the following: (1) his privilege against compulsory self-incrimination; (2) his right to be confronted with the witnesses against him; (3) his right to have compulsory process for obtaining witnesses in his favor; and (4) his right to be advised that a guilty plea constitutes a waiver of his constitutional presumption of innocence. A hearing was held on this petition for post-conviction relief, and the trial court dismissed the petition.

The record indicates that at the time of arraignment petitioner was not advised by the trial court of his privilege against compulsory self-incrimination, or his right to be confronted with the witnesses against him, or his right to have compulsory process served for obtaining witnesses in his favor. At the arraignment, the trial court was informed by counsel that petitioner had been advised of his rights. Upon such information, the trial court advised petitioner of the charge against him, of his right to trial by jury, and of the maximum penalty which could be imposed upon his plea of guilty. The trial court concluded that petitioner was represented by competent counsel who informed him of his constitutional and statutory rights, that petitioner had shown an understanding of his rights, that petitioner understood the nature and cause of the accusation against him and the maximum possible sentence, and that petitioner was acting of his own free will and accord without duress.

We have said that in order for a conviction based upon a guilty plea to stand the plea must be intelligent and voluntary. Such a plea is intelligent and voluntary when the accused has a full understanding of his constitutional rights and, having that understanding, waives these rights by a plea of guilty. *State v. Holmes*, 1978, S.D., 270 N.W.2d 51, citing *Boykin v. Alabama*,

1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *Nachtigall v. Erickson*, 1970, 85 S.D. 122, 178 N.W.2d 198; *State v. Doherty*, 1978, S.D., 261 N.W.2d 677.

 Our statutes covering arraignments and pleas prescribe the duty of the trial court prior to permitting an entry of a plea of guilty as follows:

"Upon the arraignment of such person and before permitting an entry of the plea of guilty, *it shall be the duty of the judge before whom the accused may be brought to fully advise such person of his rights in the premises,* and if it appears to the satisfaction of such judge that the accused has been regularly held to answer·upon the offense charged and is acting of his own free will and accord in the matter, such judge shall thereupon receive such plea of guilty of the offense charged in the information." SDCL 23–35–19.[1] (emphasis added)

In the *Boykin* case, the United States Supreme Court discussed the rights involved in a waiver that takes place when a guilty plea is entered and enumerated them as follows: (1) the privilege against compulsory self-incrimination; (2) the right to trial by jury; and (3) the right to confront one's accusers. A waiver of these important rights cannot be presumed from a silent record.[2] *Boykin v. Alabama,* supra.

 We have endorsed the *Boykin* reasoning and have stated the governing principle as follows:

"[I]t is now settled as a principle of the constitutional law that a plea of guilty cannot stand unless the record in some manner indicates a free and intelligent waiver of the three constitutional rights mentioned in *Boykin* —self-incrimination, confrontation and jury trial—and an

understanding of the nature and consequences of the plea. South Dakota judges can no longer assume that an accused represented by counsel has been informed of such matters and the judge must actively participate by 'canvassing the matter with the accused'. A silent. record is not sufficient." *Nachtigall v. Erickson,* 85 S.D. at 128, 178 N.W.2d at 201.

In *Merrill v. State,* 1973, 87 S.D. 285, 206 N.W.2d 828, we were persuaded with the interpretation of *Boykin* that the record need not reflect an express enumeration by the trial court nor an express waiver by the defendant of the constitutional rights mentioned in *Boykin* as a condition precedent to a voluntary and intelligent guilty plea. While it is not permissible to presume a waiver of constitutional rights from a silent record, *Merrill* holds that testimony at the post-conviction relief hearing may be sufficient to show that the accused had knowledge of those constitutional rights and, at his arraignment, voluntarily and intelligently waived those rights by entry of a guilty plea.

 There is evidence in the record to show that petitioner had knowledge of his right to remain silent, but there is no indication that he had knowledge of his right to be confronted with the witnesses against him or of his right to have compulsory process served for obtaining witnesses in his favor. Without that showing under the rules set forth in *Boykin* and followed in *Nachtigall* and *Merrill,* the plea of guilty cannot stand.

At the post-conviction relief hearing, counsel for petitioner at the time of arraignment and plea was not called as a witness. Since he assured the court at the

---

**1.** The history of the interpretation of the phrase "fully advised such person of his rights in the premises" under SDCL 23–35–19 is outlined in *Nachtigall v. Erickson,* 1970, 85 S.D. 122, 178 N.W.2d 198.

**2.** The *Boykin* court explains the significance as follows:

"What is at stake for an accused facing death or imprisonment demands the utmost

solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought * * *." 395 U.S. at 243–244, 89 S.Ct. at 1712, 23 L.Ed.2d at 280.

arraignment that he had advised petitioner of his rights, he was an essential witness at the post-conviction hearing. We cannot determine from a silent record that petitioner was advised of the rights required by *Boykin*, but it is probable that competent counsel for any defendant would advise him of his constitutional and statutory rights. Therefore, we must remand this matter to the trial court for further evidentiary proceedings to determine whether or not petitioner had knowledge and understanding of those rights as required by *Boykin*.

 Petitioner further contends that the trial court erred in not informing him that he had a legal defense to the charge against him. The record shows that petitioner had prior knowledge that duress or compulsion was a defense which he could raise at his trial. We see no necessity for the trial court to advise petitioner of any defense of which he had prior knowledge at the time of arraignment.

The order of the trial court dismissing the petition for post-conviction relief is reversed, and the case is remanded to the trial court for further evidentiary proceedings consistent with this decision.

DUNN, J., and MILLER, Circuit Judge, concur.

ZASTROW and PORTER, JJ., concur in part and dissent in part.

HECK, Circuit Judge, sitting for WOLLMAN, C. J., disqualified.

MILLER, Circuit Judge, sitting for MORGAN, J., disqualified.

PORTER, Justice (concurring in part, dissenting in part).

I agree with the majority opinion up to the point where the majority decide the case will be remanded for further evidence.

At the time of the post-conviction hearing, *Boykin v. Alabama*, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, (followed in *Nachtigall v. Erickson*, 1970, 85 S.D. 122, 178 N.W.2d 198; and *Merrill v. State*, 1973, 87 S.D. 285, 206 N.W.2d 828) laid out the prima facie proof which the State was required to adduce at the post-conviction hearing to successfully rebut the allegations of the post-conviction petition. One fair hearing is all either party in this case was entitled to, upon the issues raised by the post-conviction petition. It is my understanding the State does not claim surprise nor did it seek a continuance of the hearing because of witness unavailability. Since the case law upon which the decision would turn was settled well before the hearing, and since the State was given an opportunity to present its factual evidence, there is in my opinion no basis in this record for granting the State a second hearing. I would therefore reverse the conviction.

I am authorized to state that ZASTROW, J., joins in this concurrence in part and dissent in part.