390 So.2d 1288 (1980)
STATE of Louisiana
v.
George Lee SHARP.
No. 67374.
Supreme Court of Louisiana.
November 10, 1980.
Rehearing Denied December 15, 1980.
*1289 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., James McMichael, Robert W. Gillespie, Jr., Asst. Dist. Attys., for plaintiff-appellee.
Jeanette G. Garrett, New Orleans, Donald Minor, Shreveport, Indigent Defender Board, for defendant-appellant.
MARCUS, Justice.
George Lee Sharp was charged by bill of information with armed robbery in violation of La.R.S. 14:64. After trial by jury, defendant was found guilty as charged. Subsequently, the district attorney filed an information accusing defendant of a previous felony conviction pursuant to La.R.S. 15:529.1 (Habitual Offender Law). After a hearing, the trial judge found defendant to be a second felony offender and sentenced him to serve thirty-three years at hard labor without benefit of parole, probation or suspension of sentence. The court expressly directed that the sentence be served consecutively with "any other sentences" he was "required to serve." On appeal, defendant relies on three assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion to suppress a gun and shirt seized from him after his arrest. He argues that the arrest was made without probable cause.
The record of the suppression hearing reflects the following facts. In the early morning hours of April 18, 1979, Officer T. J. Robertson of the Shreveport Police Department received a radio report of an armed robbery at a Seven-Eleven store at Southern and Ockley. A description of the suspect was provided: a black male, approximately 5' 10" in height, medium build, dark complexion with short hair, wearing blue jeans and a blue and white shirt tied in the front. The broadcast also indicated that the suspect may be armed with a small caliber blue steel revolver that had some problems with its finish. The officer subsequently received a call (about 3:45 a. m.) reporting a suspicious person at another Seven-Eleven store at Southfield and Youree. The call was received about forty-five minutes after the prior armed robbery. Upon responding to the call, the officer observed defendant at the check-out counter of the store bending over and pulling on his right pants leg just above his shoe. The officer requested a re-broadcast of the description of the suspect in the previous armed robbery. The description fit defendant perfectly. When defendant exited the store, the officer placed him under arrest and conducted a weapons search. A .22 caliber pistol was recovered from inside defendant's sock on his right leg. Defendant was advised of his Miranda rights, handcuffed and taken to the police station where the shirt he was wearing at the time of his arrest was taken from him.
This court recently held in State v. Tomasetti, 381 So.2d 420 (La.1980):
It is well settled that a search conducted without a warrant issued upon probable cause is per se unreasonable-subject only to a few specifically established and well-delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). One of these exceptions is a search incident to a lawful arrest made of a person and the area in his immediate control. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Such a search is justified in order to discover weapons that may threaten the safety of the arresting officer and to prevent the concealment and destruction of evidence. It has been recently confirmed that an arrest made in *1290 a public place without a warrant is valid if founded on probable cause, regardless of the presence or absence of exigent circumstances. United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). But, in order to justify a search as incident to an arrest, an arrest must have already occurred and the arrest itself must have been lawful. State v. Marks, 337 So.2d 1177 (La.1976). Finally, when the constitutionality of a warrantless search is at issue at a suppression hearing, the state must bear the burden of affirmatively showing that it was justified under one of the exceptions to the warrant requirement. State v. Adams, 355 So.2d 917 (La.1978); State v. Franklin, 353 So.2d 1315 (La.1977).
A warrantless arrest, no less than an arrest pursuant to a validly-issued warrant, must be based on probable cause. State v. Tomasetti, supra; State v. Thomas, 349 So.2d 270 (La.1977). Probable cause exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Marks, supra. Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. State v. Tomasetti, supra; State v. Marks, supra. Compliance with these standards is in the first instance a substantive determination to be made by the trial judge from the facts and circumstances of the case. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); State v. Marks, supra.
In the instant case, the arresting officer, upon arriving at the Seven-Eleven store in response to a call concerning the presence of a suspicious person, observed defendant at that location. He had previously received police radio reports that an armed robbery had taken place at another Seven-Eleven store located a short distance away about forty-five minutes earlier. He had also been furnished with a detailed description of the suspect in the earlier robbery and defendant fit that description perfectly. We conclude that ample probable cause existed prior to the arrest of defendant. Accordingly, since the arrest was constitutionally valid, the seizure of the gun and shirt from defendant was permissible as incident to his lawful arrest. Hence, the trial judge did not err in denying defendant's motion to suppress.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in allowing the state to elicit testimony concerning other criminal activity on the part of defendant during the testimony of Officer T. J. Robertson and Pam Colon and in denying his motions for mistrial because of this testimony.
Pursuant to a written motion filed by defendant, the trial judge, outside the presence of the jury, instructed the state witnesses not to refer to another crime committed or alleged to have been committed by defendant as to which evidence is not admissible. Subsequently, during the testimony of Officer T. J. Robertson concerning the facts surrounding defendant's arrest at a Seven-Eleven store located a short distance from the Seven-Eleven store where the instant armed robbery had taken place forty-five minutes earlier, he stated that he observed defendant pulling on his pants leg just above his shoe. Defendant objected and moved for a mistrial. The jury was removed from the courtroom. After argument, the trial judge denied the motion. When the jury was returned to the courtroom, Officer Robertson responded in the negative to a question of whether he observed the man inside the Seven-Eleven store doing anything illegal for which he could have been arrested.
During the testimony of Pam Colon, an employee at a service station located across the street from the Seven-Eleven store where defendant was arrested, she stated *1291 that she had observed defendant prior to his arrest arrive at the convenience store in a car that stopped in the middle of the street and let defendant out of the back seat. The lights of the car were turned off and it then went into the parking lot across the street. After she had completed her testimony, defendant objected and moved for a mistrial on the ground that her testimony implied that another crime was about to be committed. The trial judge denied the motion.
La.Code Crim.P. art. 770 requires that a mistrial be ordered upon motion of defendant when a remark or comment made in the hearing of the jury by the district attorney refers directly or indirectly to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible. In the instant case, the testimony of the witnesses elicited by the district attorney did not refer to another crime committed by defendant. Moreover, the testimony served only to indicate the circumstances of defendant's arrest and that he had the means to go from one location to another within a short period of time. Under the circumstances, we do not find that the trial judge erred in denying defendant's motions for mistrial.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in finding him to be a second felony offender and in sentencing him under the provisions of the Habitual Offender Law (La. R.S. 15:529.1).
After conviction for armed robbery on January 10, 1980, the district attorney filed an information accusing defendant of a previous felony conviction for simple burglary based on a plea of guilty entered on January 13, 1978, for which he was sentenced to serve two years at hard labor. Defendant denied the allegations of the information. At a hearing, the state introduced into evidence certified copies of the court reporter's transcript and of the minutes of the guilty plea as well as the warden's certificates as evidence of imprisonment and discharge. Defendant was identified by counsel who represented him at the time the former guilty plea was entered. An expert in fingerprint identification, after comparing a fingerprint taken from defendant in connection with his prior conviction with one taken from him at the hearing, testified that they were identical. After reviewing the evidence presented, including the Boykin transcript at the time the guilty plea was entered, the trial judge found defendant to be a second felony offender.
In order to use a Louisiana state court plea of guilty made after December 8, 1971, as a prior conviction to enhance punishment in a habitual offender proceeding, the state must, if objection is made to its voluntariness or to its being a knowing plea, affirmatively show through a contemporaneously recorded transcript that the plea was voluntary and made with an awareness of its consequences. State v. Bolton, 379 So.2d 722 (La.1979); State v. Holden, 375 So.2d 1372 (La.1979); State v. Lewis, 367 So.2d 1155 (La.1979). The state met its burden in the instant case.[1] Accordingly, we find that the trial judge did not err in finding defendant to be a second felony offender and in sentencing him under the Habitual Offender Law.
Assignment of Error No. 3 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Defendant also contends that he was incapable of making a knowing and intelligent waiver of his constitutional rights due to his low IQ, limited judgment and retardation. As the state had met its evidentiary burden in this habitual offender proceeding, we do not reach this issue. Defendant's right to attack the plea may be brought by a subsequent application for a writ of habeas corpus in the district court.