**Frederick E. ROSELAND, Petitioner and Appellant,**

v.

**STATE of South Dakota, Respondent and Appellee.**

No. 13886.

Supreme Court of South Dakota.

Argued March 24, 1983.

Decided May 18, 1983.

Patricia C. Riepel, Minnehaha County Public Defender, Sioux Falls, for petitioner and appellant.

Richard H. Wendt, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

WOLLMAN, Justice.

This is an appeal from an order dismissing petitioner's amended petition for post-conviction relief. We affirm.

Petitioner was charged with first degree burglary based upon an incident that occurred in Minnehaha County on or about November 24, 1978, shortly after petitioner's discharge from the South Dakota Penitentiary on a prior felony conviction. On November 29, 1978, petitioner was arrested in Faulk County and was promptly taken to the Minnehaha County Jail. On December 13, 1978, petitioner, with appointed counsel, appeared at his arraignment hearing in circuit court in Minnehaha County. Petitioner's counsel stated that he had informed petitioner of his rights and that petitioner had represented to him that he fully understood these rights. During the arraignment proceedings, the trial court advised petitioner:

> You are also entitled to have either a court or jury trial, and that is your determination. It is not up to the State or up to me or anyone. It is up to you to determine whether you want a court or jury trial. You are entitled to have an unbiased jury. Anyone that is related, or has any close connection with any of the parties or any of the alleged victims or any of the State's Attorney's Office mem-

bers would be automatically excluded from the jury . . . .

At the conclusion of the arraignment proceedings, petitioner entered a plea of not guilty.

On April 20, 1979, petitioner signed under oath a document entitled "Letter of Instruction," which directed his attorney to reject the plea bargain offer made by the Minnehaha County State's Attorney and which advised his attorney of his wish to plead guilty to the burglary charge. The letter stated that "I have been made aware of all of the legal rights that I have under the criminal justice system of the State of South Dakota and the United States of America." The oath was taken by petitioner's attorney in his capacity as a notary public.

At the April 25, 1979, sentencing hearing, petitioner appeared with counsel and was granted his motion to re-open the arraignment for the purpose of changing his not guilty plea to a guilty plea. Before accepting this plea the circuit judge questioned petitioner as to the voluntariness of the plea, informed petitioner of the nature and consequences of the plea, and informed petitioner that by entering a guilty plea he would be waiving his constitutional privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers. After accepting the guilty plea, the trial court imposed a 20-year penitentiary sentence.

In December of 1981, petitioner filed a pro se petition for post-conviction relief, which alleged the existence of numerous errors relating to his burglary conviction. After appearing with counsel from the Minnehaha County Public Defender's Office at the post-conviction relief hearing, petitioner was allowed to amend his original petition. After a second hearing was held to consider the issues presented in the amended petition, the circuit judge denied post-conviction relief.

Petitioner contends that his guilty plea was invalid because the trial court did not advise him of his constitutional and statutory right to a speedy public trial in the county where the alleged offense occurred.

In *Nachtigall v. State,* 85 S.D. 122, 178 N.W.2d 198 (1970), we recognized the mandates of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and held that a guilty plea cannot stand "unless the record *in some manner* indicates a free and intelligent waiver" of the constitutional rights of privilege against self-incrimination, confrontation of one's accusers, and jury trial, as well as an understanding of the nature and consequences of the guilty plea. 85 S.D. at 128, 178 N.W.2d at 201 (emphasis added). In *State v. Sutton,* 317 N.W.2d 414, 415 (S.D.1982), we stated:

"The term 'jury trial' expressed in *Nachtigall* can only mean the full constitutional right of a 'speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed.' " *Croan v. State,* 295 N.W.2d 728, 730 (S.D.1980). The constitutional right to a trial by jury in the county in which the offense was alleged to have been committed is guaranteed by Article VI, § 7 of the South Dakota Constitution and SDCL 23A–16–3. That right is fundamental in character. It is the duty of the court to so advise the defendant and failure to do so is a denial of due process. *State v. Jameson,* 71 S.D. 144, 22 N.W.2d 731 (1946), *rev'd on other grounds, Nachtigall, supra.*

In *Merrill v. State,* 87 S.D. 285, 206 N.W.2d 828 (1973), we held that although it is preferable that a sentencing court make a complete record by advising a defendant of his specific rights, the failure of a court to expressly enumerate these rights will not vitiate the plea where the post-conviction proceedings clearly show that the petitioner was aware of and understood his rights at the time he entered his guilty plea. We reiterated this position in *State v. Holmes,* 270 N.W.2d 51, 53 (S.D.1978): "Defendant must ordinarily be made to understand the nature of the plea by the trial court's 'canvassing the matter with [him].' . . . It is sufficient, however, when the record affirmatively shows that defendant understandingly and voluntarily entered his plea."

■ The fact that prior to entering a guilty plea a defendant has been informed by counsel of his rights in case he should go to trial is evidence that the plea was entered intelligently and voluntarily. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Lodermeier v. State,* 273 N.W.2d 163 (S.D.1978); *Merrill v. State, supra.* Petitioner was represented by appointed counsel at both the arraignment and sentencing hearings. Although this attorney could not be located and therefore was not available to testify at the post-conviction relief hearings, the State at the first hearing introduced as evidence the above-described letter of instruction.

■ Not only were all of the proceedings relating to the burglary charge held in Minnehaha County, petitioner was taken from the place of arrest, Faulk County, back to Minnehaha County, the county where the burglary occurred. Petitioner had been released from the South Dakota State Penitentiary only a short time before the November 24, 1978, burglary. Having previously been in court on a felony charge, petitioner had an understanding of the judicial system and of his constitutional rights superior to that of a person lacking his experience. *See Clark v. State,* 294 N.W.2d 916 (S.D.1980); *Holmes, supra.* Under the totality of the circumstances, then, including his self-proclaimed knowledge of all of his legal rights, we are satisfied that petitioner was aware of his right to a jury trial in Minnehaha County. The trial court's remarks at the arraignment concerning the composition of the jury could only have been interpreted as referring to a jury selected from the citizens of Minnehaha County. Granted that the record does not include a catechistic incantation of the right to a jury trial in the county where the offense was committed, to accept petitioner's contention that he somehow thought his jury trial would be held in a place other than Minnehaha County, to which he was forthwith returned upon being apprehended in a county some two hundred miles distant, would be to give credence to the incredible.

Accordingly, we hold that the hiatus in the arraignment and plea record, unfilled in *Sutton,* has here been satisfactorily filled by the totality of the circumstances, including petitioner's own sworn representation that he was fully aware of all of his legal rights.

We have considered petitioner's remaining contentions and find them to be without merit.

The order is affirmed.

DUNN and MORGAN, JJ., concur.

FOSHEIM, C.J., and HENDERSON, J., dissent.

FOSHEIM, Chief Justice (dissenting).

The majority opinion correctly notes that *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), mandates that a guilty plea cannot stand "unless the record in some manner indicates a voluntary and intelligent waiver of the constitutional rights of privilege against self-incrimination, confrontation of one's accusers, and jury trial, as well as an understanding of the nature and consequences of the guilty plea." We applied *Boykin* in *Nachtigall v. Erickson,* 85 S.D. 122, 178 N.W.2d 198, 201 (1970) with this caveat:

> South Dakota judges can no longer assume that an accused represented by counsel has been informed of such matters and the judge must actively participate by 'canvassing the matter with the accused'. A silent record is not sufficient.

The term "jury trial" means "the full constitutional right of a 'speedy public trial by an impartial jury of the county in which the offense is alleged to have been commit-

ted.' " *Croan v. State,* 295 N.W.2d 728, 730 (S.D.1980); *State v. Sutton,* 317 N.W.2d 414 (S.D.1982). That meaning is required by the United States Constitution, Amendment 6,[1] by the South Dakota Constitution, Article VI, § 7 [2] and by SDCL 23A–16–3.[3] The trial judge not only must so advise the accused, at the risk of denial of due process, *State v. Jameson,* 71 S.D. 144, 22 N.W.2d 731 (1946), but must additionally canvass the matter with the accused to make certain he understands. The majority also correctly notes that the advising procedure should not be a catechistic incantation. In *Nachtigall,* we quoted from *In Re Tahl,* 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449 (1969), that *Boykin* did not require the recitation of a formula by rote but that the record on its face must contain "direct evidence that the accused was aware, or made aware, of his right to confrontation, to a jury trial, and against self-incrimination, as well as the nature of the charge and the consequences of his plea. Each must be enumerated and responses elicited from the person of the defendant." *Nachtigall,* 178 N.W.2d at 201.

The trial court did advise defendant of his right to a jury trial by an unbiased jury, but the record is totally silent on its face that this meant a speedy public trial by an impartial jury of the county in which the offense was alleged to have been committed. It, of course, follows that the court also failed to canvass the matter with defendant to make certain he understood this fundamental constitutional right. Accordingly, we should reverse the order.

I am hereby authorized to state that Justice HENDERSON joins in this dissent.

1. U.S. Const.Amend. VI: In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

2. *S.D. Const. art. VI, § 7: In all criminal prosecutions the accused shall have the right to*

defend in person and by counsel; to demand the nature and cause of the accusation against him; to have a copy thereof; to meet the witnesses against him face to face; to have compulsory process served for obtaining witnesses in his behalf, and to a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed.

3. SDCL 23A–16–3: The accused has the right to a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed.