**STATE of South Dakota, Plaintiff and Appellee,**

v.

**John H. KING, Defendant and Appellant.**

**No. 15033.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 14, 1986.

Decided March 26, 1986.

Rehearing Denied May 5, 1986.

See also, S.D., 346 N.W.2d 750.

Grant Gormley, Chief Deputy Atty. Gen., Pierre, for plaintiff and appellee;  Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Richard Braithwaite, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

This is an appeal from a judgment of conviction of John H. King (King) of issuing an insufficient funds check in the first degree and on a Part II information as a habitual offender.  King was sentenced to a term of fifteen years in the South Dakota State Penitentiary.  King is not appealing the underlying conviction on the check charge;  he attacks only the determination of habitual criminal status.  We reverse and remand.

The Part II information alleged that King had three prior felony convictions: (1) first-degree robbery in Yankton County, South Dakota on March 8, 1968;  (2) forgery in Day County, South Dakota, on March 21, 1979;  and (3) forgery in Hennepin County, Minnesota, on April 28, 1977.

The first issue is with regard to the Minnesota conviction. King denied that he was the same person as convicted in Hennepin County. State sought to establish identity through fingerprint evidence. King contends that certified copies of fingerprint cards were erroneously admitted by the trial court. King contends that the dictates of SDCL 22–7–11 were not met. That statute provides, *inter alia:* "[A]n official court record under seal or a criminal history together with fingerprints certified by the public official having custody thereof will be sufficient to be admitted in evidence without further foundation to prove the allegation that the defendant is an habitual criminal."

At trial, as foundation for expert testimony on fingerprint comparisons, the State offered two fingerprint cards: (1) A certified copy of a fingerprint card from South Dakota, and (2) a certified copy of a fingerprint card from Minnesota. King objected to the introduction of these cards on the basis that there was no showing that the certification was made by "a public official having custody" of the fingerprint cards.

This court has previously held that prints taken by law enforcement officers and recorded on standard Division of Criminal Investigation forms are properly receivable into evidence as public records. *State v. Provost,* 266 N.W.2d 96 (S.D.1978). *See also State v. Grooms,* 359 N.W.2d 901 (S.D.1984).

■ King does not contend that either the South Dakota Criminal Laboratory nor the Minnesota Bureau of Criminal Apprehension are improper custodians of the fingerprint cards. It would seem to be a supertechnical reading of the statute to require that the official in charge of the department having custody of the fingerprint cards must be the certifying official as opposed to any employee having access to those records. King's fingerprint argument, therefore, is without merit.

The second issue is with regard to the use of the Yankton County and Day County convictions for enhancement purposes. While King admitted that he was the person convicted in both of those convictions, he alleges that his pleas of guilty in both instances were not knowingly and voluntarily made due to the trial courts' failure to adequately apprise him of his constitutional rights. He raised this issue at a motion hearing prior to trial on the Part II information. By memorandum decision, the trial court refused to reach the merits of King's constitutional claim, instead ruling that the earlier convictions were not subject to collateral attack. King alleges the trial court was in error.

[T]he individual [defendant] may challenge the constitutional validity of a prior conviction whenever it is used as a basis for augmenting punishment. A motion to strike a prior conviction allegation from an accusatory pleading is a proper vehicle for attacking such conviction if the presence of the prior will activate the statutory machinery relating to penal status or severity of sanction in a subsequent criminal proceeding.

*In Re Rogers,* 28 Cal.3d 429, 434, 169 Cal. Rptr. 222, 224, 619 P.2d 415, 417 (1980) (citation omitted).

■ This court has also held that a constitutionally infirm conviction cannot be used to enhance the sentence under our habitual offender statutes. *Application of Garritsen,* 376 N.W.2d 575 (S.D.1985). *See also Santillanes v. United States Parole Commission,* 754 F.2d 887 (10th Cir.1985); *People v. Heinz,* 197 Colo. 102, 589 P.2d 931 (1979); *State v. Loveday,* 48 Md.App. 478, 427 A.2d 1087 (1981); *State v. Sharp,* 390 So.2d 1288 (La.1980); N.Y.Crim. Pro.Law § 400.20 (McKinney 1983); Ga. Code Annot., § 26–1813(c)(2)(i) (1968).

■ As noted in *Rogers, supra,* a motion to strike is the proper vehicle for attacking such a constitutionally infirm conviction. *See also Collins v. State,* 275 Ind. 86, 415 N.E.2d 46 (1982) *cert. den.* 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851 (1982) (defendant has the burden to produce evidence in support of a defense that his prior convictions are invalid); *State v. Nelson,* 379 So.2d 1072 (La.1980); *Alexander v. Solem,*

383 N.W.2d 486 (S.D.1986) (defendant has burden in habeas corpus proceeding to show prior convictions were invalid). "If the district court has the power to strike invalid prior convictions, it is only fundamental that the same court with its inherent fact finding power and incidental power to conduct hearings can determine which prior convictions are invalid." *United States v. Martinez,* 413 F.2d 61, 63 (7th Cir.1969).

State argues that even if King is allowed to challenge his prior convictions, that the constitutional problems in his prior convictions are not the type of problems which would make the convictions invalid for enhancement purposes. State claims only convictions resulting from uncounseled guilty pleas are constitutionally infirm for enhancement purposes. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The United States Supreme Court, however, has determined that when the subsequent punishment depends upon the reliability of the former conviction, it becomes constitutionally infirm. *Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980).

> Certain conclusions follow from these decisions by the Supreme Court. When the proper use of the constitutionally infirm conviction depends upon the reliability rather than the mere fact of conviction, the use of that conviction to support guilt or enhance punishment is unconstitutional[.]

*Sautillanes,* 754 F.2d at 889. Additionally, the decisions cited above make no mention of limiting the doctrine of not considering constitutionally infirm convictions for enhancement purposes to uncounseled convictions. *Cf. Application of Garritsen, supra.*

■ At the pretrial hearing, King introduced or attempted to introduce into evidence the transcripts of his pleas in both the Yankton County and Day County convictions. The Yankton County plea is devoid of any advisement of any of King's constitutional privileges. *See Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Even though the Yankton County plea was entered before *Boykin* was handed down, this court noted in *Garritsen, supra,* that South Dakota courts have been conforming for many years to the requirements of *Boykin* in accepting guilty pleas. Thus, it appears that the Yankton County plea should not have been used to enhance King's sentence.

■ Regarding the 1979 Day County plea, King's major contention is that he was not informed of his right to a jury trial in the county in which the crime was committed. *See Roseland v. State,* 334 N.W.2d 43 (S.D.1983). In *Roseland,* the court looked at the totality of the circumstances in determining whether the defendant had freely and intelligently waived his constitutional right to a jury trial in the county in which the crime was committed. In the 1979 Day County conviction, King was adequately informed of his constitutional right to a jury trial, although the trial judge failed to inform him that he had the right to jury trial in the county in which the crime was committed. As in *Roseland,* all the proceedings appear to have occurred in Day County, thus it cannot be said that King was unaware of his right to a jury trial in Day County.

We reverse the conviction under SDCL 22–7–8.1 on Part II information and remand with directions to proceed under the provisions of SDCL 22–7–7.

HENDERSON, J., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.

FOSHEIM, C.J., and WUEST, J., concur in result.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

WUEST, Justice (concurring in result).

I concur with the result in this case. However, SDCL 22–7–11 provides that the criminal history, together with fingerprints certified by "the public official having cus-

tody thereof," may be introduced without further foundation.

As I understand the majority opinion, any employee having access to those records may certify the fingerprint records. In my opinion, it must be the public official having custody thereof, as the statute mandates. Being adjudged an habitual criminal ordinarily results in an enhanced sentence. A junior clerk in some big department should not be allowed to certify to such a record. The certification should contain the recitation that the person certifying is the public official having custody thereof.

I am authorized to state that Chief Justice FOSHEIM joins in this concurrence in result.