RUST, Petitioner v. STATE, Respondent

(218 N.W.2d 482)

(File No. 11355. Opinion filed May 28, 1974)

William D. Kenyon, Sioux Falls, for petitioner.

William A. Delaney, III, Asst. Atty. Gen., Pierre, for respondent; Kermit A. Sande, Atty. Gen., Pierre, on the brief.

DOYLE, Justice.

The petitioner appeals from the order denying his petition for post-conviction relief. The petitioner was charged with Count I, robbery in the first degree; Count II, assault with intent to inflict great bodily harm; and Count III, grand larceny.

On January 21, 1970, the petitioner represented by court-appointed counsel was arraigned. At that time the court informed him of his various constitutional rights, such as the right to a speedy jury trial, the right to defend, either in person or by counsel, the right to confront witnesses, and the right not to incriminate himself. The court thereupon explained at length the nature of the charges and the maximum penalties for each if the petitioner was convicted. The petitioner indicated that he understood his constitutional rights and the nature and penalties of the charges against him. The court also informed the petitioner that if he did not commit the crimes he was to plead not guilty. The petitioner then pled not guilty to all charges. After a brief recess, the petitioner indicated that he wished to change his pleas. The court inquired whether the petitioner recalled the penalties previously mentioned, to which the petitioner answered affirmatively. The petitioner withdrew his not guilty pleas to Counts II and III. The court then asked him if the change of his pleas was freely and voluntarily given. Again the petitioner answered in the affirmative. The court, after inquiring of the petitioner whether in fact he did do the acts he was charged with and receiving an affirmative reply, accepted the pleas of guilty to Counts II and III. The state moved for dismissal of Count I and it was granted. The court asked for information concerning the reason criminal charges had been placed against the petitioner. The state's attorney then outlined the facts as they were presented at the preliminary hearing. The court thereupon found the petitioner to be guilty as charged in Counts II and III, and imposed sentence.

The petitioner, in substance, raises two questions on appeal:

1. Must the record indicate that the petitioner was aware that the entering of a guilty plea would in effect constitute a waiver of his constitutional rights as provided under Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and Nachtigall v. Erickson, 1970, 85 S.D. 122, 178 N.W.2d 198?

2. Was the petitioner's guilty plea based upon a voluntary and intelligent choice among those alternatives open to him as required by North Carolina v. Alford, 1970, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162?

▮ Addressing ourselves to the first issue, it is clear Boykin v. Alabama, supra, and Nachtigall v. Erickson, supra, mandate that the record of a defendant's guilty plea must affirmatively show that there was a free and intelligent waiver of the basic constitutional rights of self-incrimination, confrontation of witnesses, a jury trial and an understanding of the nature and consequences of the plea before it can be sustained. There is no question as to whether the petitioner was adequately informed of his rights as the transcript taken at the arraignment clearly indicates the court did so. However, there is no indication that the petitioner was informed that by pleading guilty he would be waiving these rights. We do not find this constitutionally repugnant. As stated in United States v. Frontero, 1971, 5 Cir., 452 F.2d 406 at 415:

"This Court is, however, aware of no precedent, from the Supreme Court or elsewhere, for the proposition that due process requires that a defendant be informed of each and every right which is waived by a guilty plea or that the waiver of these rights is a 'consequence' * * * of which a defendant must be personally informed before a guilty plea may be accepted."

This court has also said in Merrill v. State, 1973, 87 S.D. 285, 206 N.W.2d 828:

"There is, however, a growing body of authority for the proposition that *Boykin* does not require the record to show an express enumeration by the court nor an express waiver by the defendant of the constitutional rights mentioned in *Boykin* as a condition precedent to a voluntary and intelligent guilty plea."

We believe the answer to the petitioner's second question may be found in the transcript of the arraignment itself. Quoting from that record:

"THE COURT: Now, again I will ask you whether or not this change of your plea is freely and voluntarily given, without threat or fear to yourself or anyone closely related or associated with you?

"THE DEFENDANT: Yes, sir.

"THE COURT: Now, has anybody made any promise of a lesser sentence or probation or reward or immunity, or anything else, in order to induce you to plead guilty to these two charges?

"THE DEFENDANT: No, sir.

"THE COURT: In other words, you understand that this sentence is to be determined solely by the Court?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you are thinking of pleading guilty because, in truth and in fact, you are guilty, and for no other reason, is that correct, as to Counts II and III?

"THE DEFENDANT: Yes, sir."

█ It is our opinion the record in this matter unequivocally bespeaks that the petitioner voluntarily and intelligently with full knowledge of the consequences changed his pleas of not guilty to guilty to Counts II and III.

Affirmed.

WINANS, WOLLMAN and DUNN, JJ., concur.

BIEGELMEIER, C. J., concurs in affirmance.