SINGLETARY, Appellant v. STATE, Respondent

(227 N.W. 2d 424)

(File No. 11351. Opinion filed March 19, 1975)

Laurence J. Zastrow, Rapid City, for petitioner and appellant.

Jack T. Klauck, State's Atty., Rapid City, Kermit Sande, Atty. Gen., Pierre, for respondent.

COLER, Justice.

Petitioner appeals from the order denying his petition for post-conviction relief. The petition was denied upon motion of both the petitioner and the states attorney for summary disposition, SDCL 23-52-10.1, 23-52-10.2, no hearing being held thereon, with the summary disposition being ordered in favor of the state and against the petitioner.

The petitioner was charged with robbery in the first degree and was bound over to circuit court for trial following preliminary hearing held at his request, he having previously waived that right. It is conceded that earlier on the day of the trial to a jury the court fully advised the petitioner of his constitutional rights and informed him of the maximum penalty that could be imposed upon conviction of that offense. Approximately five hours later on the same day, following his being so advised and after discussion with his counsel and the states attorney, the transcript of this discussion being a part of the record, the petitioner asked leave of court to amend his plea to a plea of guilty. This followed testimony of a person who was in the company of the petitioner at the time of the alleged crime, who, having been granted immunity, SDCL 23-40-12, clearly implicated petitioner in that crime.

The very nature of this appeal causes us to analyze the scope of our appellate review in light of current standards of criminal justice where, as here, a summary disposition is made by

the trial court. The provisions of Chapter 23-52 of the South Dakota Compiled Laws has as its principal source the original and Second Revised Uniform Post-Conviction Act:

> "Both the original and Second Revised Uniform Post-Conviction Procedure Acts, section 7, [SDCL 23-52-12,] provide in discretionary terms that the court 'may order the applicant brought before it for the hearing.' * * * ·The Comment to that section of the original Act indicates that the National Commissioners intend thereby to permit summary disposition of unmeritorious applications: "This provision is designed to make possible the rapid disposal of petitions which have no real merit and which in the past have often been filed merely to give the petitioner a free trip away from the penitentiary.' " A.B.A. Standards Relating to Post-Conviction Remedies, Commentary following standard § 4.5, p. 69.

The Second Revised Uniform Post-Conviction Act further implemented the summary disposition device by provisions of section 6 thereof. This section was adopted by our legislature in 1971 as set forth in SDCL 23-52-10.1 and 23-52-10.2. These provisions are comparable to rules of civil procedure, particularly SDCL 15-6-56(a) to 15-6-56(g), providing for summary judgment. These rules are made applicable to post-conviction proceedings by SDCL 23-52-12. SDCL 23-52-10.1 and 23-52-10.2 should not be used where there is a genuine issue of fact or in situations where· there being no fact in issue the facts may lend themselves to different conclusions of law or involve mixed questions of law and fact. A.B.A. Standards of Criminal Justice, § 4.6(e). Summary disposition is fitting on issues which are a "sham, frivolous or so unsubstantial that it is obvious it would be futile to try them." Wilson v. Great Northern Railway Co. v. Christopherson, 83 S.D. 207, 157 N.W.2d 19.

■ The unique provisions of SDCL 23-52-16 limiting appeals to this court to cases where a "certificate of probable cause that an appealable issue exists", is issued, as was done by the trial court in this case, hardly seem consistent with that court's summary disposition. There were no findings of fact or conclu-

sions of law entered in this case pursuant to SDCL 23-52-14. While findings of fact and conclusions of law may not be required by reason of exceptions stated in SDCL 15-6-52(a), by the plain language of SDCL 23-52-14 they should be entered to give finality to the judgment and in so doing supply this court the legal standards applied by the trial court. A.B.A. Standards Relating to Post-Conviction Remedies, § 4.7(b).

■ Under the circumstances, we conclude that the issues having been presented to both the trial court and this court on the point argued and on the briefs that our review should be governed by A.B.A. Standards Relating to Post-Conviction Remedies, § 5.3(a): "Appellate courts should exercise a broad scope of review on matters of fact and law consistent with the fundamental rights subject to litigation in post-conviction proceedings." Thus, we are required to review the petition and all files and records before us as does the trial court pursuant to SDCL 23-52-10.2 and 23-52-12 to determine whether petitioner was knowledgeable of his rights and voluntarily waived those rights and to establish that it is conclusively shown that petitioner is entitled to no relief. SDCL 23-52-11.1.

■ The single issue appearing on the briefs and oral argument is whether this petitioner, having been once advised by the court of his "Boykin Rights", Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, must be readvised of those rights following a five-hour interval of trial. This issue arises out of a reference in Rust v. State, 1974, 88 S.D. 265, 218 N.W.2d 482, a case also involving a change of plea, to the effect that a not guilty plea was withdrawn following a "brief recess" after which the defendant changed his plea to guilty. Petitioner in this case would imply from that statement of fact that a time lapse of something more than a "brief recess" should demand a restatement of the rights. We do not so construe the language of Rust v. State. The time element is but one of the factors in the totality of the circumstances determining whether there was knowledge on the part of the petitioner and whether there has been a voluntary entry of a guilty plea.

■ The files and the records in this case clearly indicate that petitioner was fully advised of his rights under Boykin, the

Constitution of the United States and of the state of South Dakota, and also of the maximum penalty that could be imposed. He was further advised that, "you may waive all these rights and enter a plea of guilty in which case, of course, you would then be subject to examination". Subsequent to being advised, petitioner participated in and was adequately represented by counsel in the selection of the jury and the cross-examination of the first two witnesses offered by the state. He was not only explained his rights but participated in the very proceedings those rights guaranteed. The record conclusively shows that the petitioner was knowledgeable of his rights. The record further shows that he voluntarily waived those rights. In the explicit response to questions of the trial court, he acknowledged that his plea of guilty was free from promise or threat and the court found his plea to be voluntary.

The order denying post-conviction relief is affirmed.

All the Justices concur.