**Dale L. CLARK, Petitioner and Appellant,**

v.

**STATE of South Dakota, Appellee.**

**No. 12975.**

Supreme Court of South Dakota.

Submitted on Briefs May 21, 1980.

Decided July 23, 1980.

Margaret Crew, Asst. Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

James Robbennolt of Duncan, Olinger, Srstka, Lovald & Robbennolt, P.C., Pierre, for petitioner and appellant.

HENDERSON, Justice.

### ACTION

This is a criminal action in which Dale L. Clark (defendant-appellant) was convicted of one count of burglary in the third degree in violation of SDCL 22-32-9 and sentenced to ten years in the state penitentiary. Subsequently, appellant petitioned for, and was denied, post-conviction relief. We affirm.

### FACTS

On December 2, 1976, appellant was arrested and charged with three counts of burglary in the third degree in connection with separate offenses occurring on December 1, 1976, at J & M Clothing, Blunt Liquor Store, and Ray's Standard Service Station all located in Blunt, South Dakota. Also arrested on December 2, 1976, and charged with the same offenses was co-defendant William LaCroix. A consolidated preliminary hearing was held on December 14, 1976. Appellant and LaCroix were bound over to Hughes County Circuit Court for arraignment.

Appellant's attorney filed an application for a writ of habeas corpus on December 30, 1976. This application alleged that appellant was being unlawfully held in solitary confinement, although appellant's attorney admitted that his client had violated jail regulations.

Appellant was arraigned in circuit court on three counts of third degree burglary on January 6, 1977. At arraignment, appellant stated that he understood the offenses with which he was being charged. The trial court thoroughly explained to the appellant all of his statutory and constitutional rights. Appellant was also informed that a plea of guilty was an admission to the allegations against him and would be considered a waiver of all rights to which appellant would be entitled. Appellant indicated that he understood each of the explained rights. At this time, appellant entered a plea of not guilty to a three count information.

On January 6, 1977, following appellant's arraignment, an evidentiary hearing was held on the application for a writ of habeas corpus. Subsequent to this hearing, the trial judge made a personal inspection of the conditions under which appellant was incarcerated. Pursuant to this inspection and testimony elicited, the writ of habeas corpus was denied on January 7, 1977.

On February 1, 1977, appellant again appeared before the trial court and indicated his desire to change his prior plea of not guilty. Appellant entered a plea of guilty to count one of the offense charging him with the J & M Clothing burglary. Several inquiries were made by the trial court to appellant as to the reasons or motives for his admission of guilt. As a net result of these questions, the trial court determined that appellant had entered into a plea bargain with the prosecuting attorney upon which his guilty plea was predicated. Under the plea bargain, the prosecuting attorney would dismiss counts two and three of the original charge. In addition, the prosecution would refrain from filing further charges as to various other collaterally related offenses. Additionally, the prosecutor would recommend a sentence of ten years imprisonment. The trial court then further queried appellant as to whether his guilty plea was of his own free will. In response, appellant indicated that his plea was voluntary. Appellant also stated that all of the testimony and factual evidence received at the December 14, 1976, preliminary hearing

was accurate as to count one of the offense charged. Elements of the offense were factually established at the preliminary hearing. After appellant's attorney made a plea in mitigation, appellant was sentenced to ten years in the state penitentiary.

On July 19, 1979, appellant filed a petition for post-conviction relief in Hughes County Circuit Court. In response, the state requested summary disposition of the petition. On October 24, 1979, a second trial judge entered findings of fact and conclusions of law and granted summary disposition holding that appellant's request for post-conviction relief must be denied. Pursuant to SDCL 23A-34-20, a certificate of probable cause was issued by the second trial judge on November 5, 1979, allowing appellant review by this Court.

### ISSUES

#### I.

Whether appellant's guilty plea was made intelligently and voluntarily.

#### II.

Whether it was necessary for the circuit court to comply with SDCL 23A-27-1 and wait 48 hours after appellant's guilty plea to impose sentence.

#### III.

Whether appellant was denied equal protection of law due to the severity of his sentence as compared to that of his co-defendant.

### DECISION

#### I.

The gist of appellant's contention that his plea of guilty on February 1, 1977, was not given voluntarily or intelligently can be reduced to two assertions: (1) That he was not readvised on February 1, 1977, of his constitutional and statutory rights. (2) That due to the conditions and treatment he was subjected to while incarcerated, his

guilty plea was a product of coercion, i. e., not voluntarily made.

In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court held that a necessary prerequisite to a voluntary and intelligent guilty plea is that the record must affirmatively indicate in some manner that certain rights available to the defendant were specifically explained and waived by the accused prior to the acceptance of a guilty plea. These specific rights are: the privilege against self-incrimination; the right to a trial by jury; and the right to confront one's accusers.

This Court has adopted the principles of *Boykin* in *Nachtigall v. Erickson*, 85 S.D. 122, 178 N.W.2d 198 (1970). The requirement for a defendant to have an understanding of the nature and consequences of his guilty plea was additionally imposed in *Nachtigall*.

A review of the record indicates that appellant was informed of all applicable constitutional and statutory rights (including the rights enumerated in *Boykin*) at the time of his arraignment on January 6, 1977. It is also clear from the record that appellant understood these rights and the charges brought against him. The record reflects that he had an understanding of the nature and the consequences of his plea. Appellant was advised that a plea of guilty would constitute a waiver of such rights. Appellant acknowledged his understanding of this statement. It is not, however, appellant's contention that all the necessary rights were not conveyed to him, or that he did not understand their meaning at the time they were given; but rather appellant claims that the trial court erred in not readvising him of these rights at the time his guilty plea was made. Appellant maintains that this readvisement should have occurred immediately prior to his plea of guilty.

■ This Court has previously held that failure to restate a defendant's *Boykin* rights after five hours had passed since the original advisement, did not negate the effectiveness of the defendant's guilty plea.

*Singletary v. State*, 88 S.D. 655, 227 N.W.2d 424 (1975). "The time element is but one of the factors in the totality of the circumstances determining whether there was knowledge on the part of the petitioner and whether there has been a voluntary entry of a guilty plea." *Id.* at 659, 227 N.W.2d at 426. It is not necessary that a criminal defendant be readvised of his rights immediately prior to his entering a plea of guilty. It need only be shown, through the record, that he had knowledge of his rights and the consequences of his guilty plea at the time the plea was entered. *Boykin*, supra.

■ Further, it is not required at the time the guilty plea is made that the specific elements of the offense charged be explained to a defendant. *United States v. Kriz*, 586 F.2d 1178 (8th Cir. 1978). All that is necessary is that an understanding of the nature of the charge be conveyed to a defendant. *State v. Driver*, 290 N.W.2d 856 (S.D.1980); *United States v. Kriz*, supra; *United States v. Sappington*, 468 F.2d 1378 (8th Cir. 1972). When a non-complex offense is involved, it is particularly true that a defendant need not have the elements of the crime explained to him. *Eagle Thunder v. United States*, 477 F.2d 1328 (8th Cir. 1973). *Eagle Thunder* involved the charge of assault with a deadly weapon. SDCL 23A–7–1 mandates that "[a]n arraignment shall be conducted in open court . . . and shall consist of reading the indictment, information, or complaint, as is applicable, to the defendant or stating to him *the substance of the charge* and calling him to plead thereto." (Emphasis supplied). Also, SDCL 23A–7–4 states: "Before accepting a plea of guilty . . . a court must address the defendant personally in open court . . . and inform him of, and determine that he understands the following: (1) The *nature of the charge* to which the plea is offered . . ." (Emphasis supplied).

■ At arraignment, appellant was told that he was being charged with three counts of third degree burglary committed on or about December 1, 1976, and in the

manner described in the information. Appellant was then asked whether he understood the offenses with which he was charged. Appellant indicated he understood the charges against him. Twenty-six days after appellant was arraigned, he was asked what his plea was to count one of the information charging him with third degree burglary of the J & M Clothing Store in Blunt, South Dakota. Appellant stated his plea was guilty. Furthermore, appellant went on to state in his own words how the burglary occurred. Appellant agreed that the testimony by witnesses at the preliminary hearing pertaining to the burglary of the J & M Clothing Store was an accurate statement of the facts. In light of these factors, placing due emphasis on the fact that at both arraignment and the sentence proceedings appellant was referred to the information and the charges listed therein prior to his making a plea, we conclude that appellant was aware of the nature of the charges against him. Hence, the failure of appellant to be advised of the specific elements of third degree burglary at the time his guilty plea was made does not constitute a deprivation of constitutional rights.

■ In addition to the delay factor regarding the advisement of appellant's rights, several other elements need to be considered in determining whether a guilty plea was properly received. These elements include the defendant's age, prior criminal record, and whether he is represented by counsel. *Eagle Thunder,* supra. Here, appellant was adequately represented by counsel at the time his guilty plea was made and at the time of arraignment. Appellant was familiar with the criminal justice system inasmuch as he had been previously convicted of a felony, i. e., burglary. The age of appellant at the time of arraignment was 28 years. All of these factors indicate that appellant was not functioning blindly within the criminal court system.

■ The fact that appellant pleaded guilty, pursuant to a plea bargain arrangement with the prosecuting attorney, further establishes that his guilty plea was made with full knowledge of its consequences.

Of particular significance was the understanding that the prosecutor would recommend a sentence of 10 years. The circumstances in this case strongly establish that the plea bargain was arranged several days prior to appellant's plea of guilty. Equipped with counsel, appellant can hardly be heard to say that he pleaded guilty without knowing the full consequences thereof.

■ As to the contention that the guilty plea was involuntary due to the alleged mistreatment appellant received while in jail, we find it without merit. The following portion of the proceedings of February 1, 1977, the date of appellant's guilty plea, is pertinent:

MR. CLARK: I am talking about being kept in solitary thirty days and being kept upstairs for thirty days by myself, a month.

THE COURT: Is this the reason that you are pleading guilty?

MR. CLARK: No, this isn't the reason. I just want this brought out.

THE COURT: Okay, now, we will make a record on that, but is there anything else you feel in the line of coercion?

MR. CLARK: No.

Thus, the record reflects that appellant's plea of guilty was not premised on any coercion factor. By inquiring as it did, the trial court insured that appellant was pleading guilty of his own free will.

In accord with the principles stated in the above cited authorities, we hold that appellant's plea of guilty was intelligently and voluntarily made.

## II.

■ Appellant claims that the trial court erred in not waiting a minimum of 48 hours after his guilty plea was entered to impose sentence. This contention is based on SDCL 23A–27–1 (formerly SDCL 23–48–5) which states: "Sentences shall be imposed without unreasonable delay, but not within 48 hours after determination of guilt. A defendant may waive the 48 hour delay."

A pre-sentence investigation was expressly waived by appellant upon questioning by

the trial court. Appellant's attorney was then allowed to make a statement of mitigation in regards to the sentence of his client. Also, appellant himself was allowed to make a statement of mitigation. The prosecuting attorney's sole statement regarding appellant's sentence was that he recommended ten years imprisonment. This recommendation was consistent with the aforementioned plea bargain.

The purpose of SDCL 23A–27–1 is "to prevent hasty and ill considered judgments, and to give defendants time for such further proceedings as they may deem necessary to protect their rights." *Ex Parte Dunn*, 50 S.D. 48, 50, 208 N.W. 224, 225 (1926). In light of the circumstances surrounding appellant's plea, placing due significance on the fact that appellant's guilt was determined by a plea in accord with a prearranged bargain as opposed to a jury or bench verdict, the purpose of SDCL 23A–27–1 has been met. Appellant acquiesced to the sentencing at the time he was sentenced. In this particular factual context, it was not necessary for the trial court judge to wait 48 hours before imposing sentence on appellant.

### III.

Appellant's final contention is that he was denied equal protection of law due to the less severe sentence imposed upon a co-defendant. The co-defendant was charged with the same offenses as appellant and ultimately pleaded guilty to one count of third degree burglary pursuant to a plea bargain as did appellant. LaCroix, however, was sentenced to five years imprisonment while appellant received a sentence of ten years.

Appellant does not state, nor does the record indicate, that appellant and La-Croix's past records, demeanor, degree of criminal involvement, etc., are sufficiently similar so as to cause the sentence disparity between them to be unjust. Absent any showing of such similarities, we must defer to the trial judge's discretion. *State v. Connor*, 86 S.D. 578, 199 N.W.2d 695 (1972). A trial judge has wide discretion in determining the extent of punishment imposed within applicable statutory limits.

Appellant's petition for post-conviction relief was properly denied by the circuit court. The judgment is affirmed.

All the Justices concur.