STATE of South Dakota, Plaintiff
and Appellee,

v.

Edward William SUTTON, Defendant
and Appellant.

No. 13515.

Supreme Court of South Dakota.

Submitted on Briefs Jan. 22, 1982.

Decided March 17, 1982.

Mikal Hanson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Rod Woodruff, Belle Fourche, for defendant and appellant.

FOSHEIM, Justice.

Defendant appeals from his conviction for first degree burglary. We reverse and remand.

Following his preliminary hearing in magistrate court, the defendant was bound over for arraignment in circuit court. At that arraignment on February 25, 1981, the information and certain constitutional rights were read to defendant. Pursuant to a plea bargain arrangement, defendant entered a plea of guilty to first degree burglary. On April 15, 1981, imposition of sentence was suspended and defendant was placed on probation for two years.

On June 18, 1981, following a hearing, the circuit court revoked the suspended imposition of sentence and sentenced the defendant to four years in the South Dakota State Penitentiary.

Defendant first raises the issue that he was not adequately advised of his constitutional rights before pleading guilty. In *Nachtigall v. Erickson*, 85 S.D. 122, 178 N.W.2d 198 (1970), we said: "It is now settled as a principle of the constitutional law that a plea of guilty cannot stand un-

less the record in some manner indicates a free and intelligent waiver of the three constitutional rights mentioned in *Boykin*[1] —self-incrimination, confrontation and jury trial—and an understanding of the nature and consequences of the plea."

We further stated in *Nachtigall* that our trial judges can no longer assume that an accused, represented by counsel, has been informed of such constitutional rights and of the nature and consequences of the plea and that the judge must actively participate by "canvassing the matter with the accused. A silent record is not sufficient." *Id.*

At his arraignment in circuit court, defendant was advised as follows:

You have a right, Mr. Sutton, to defend yourself against this charge. You may do that either in person or with the aid and assistance of a lawyer. If you do choose to defend yourself you should enter a plea of Not Guilty. That plea would entitle you to have a speedy, public trial before an impartial jury for the purpose of having a jury determine your guilt or your innocence of the charge that has been made against you.

While it appears the alleged crime was committed in Tripp County, defendant was never advised at his arraignment in the circuit court that his constitutional right to a jury trial was in the county where the offense was alleged to have been committed.

■ "The term 'jury trial' expressed in *Nachtigall* can only mean the full constitutional right of a 'speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed.' " *Croan v. State*, 295 N.W.2d 728, 730 (S.D.1980). The constitutional right to a trial by jury in the county in which the offense was alleged to have been committed is guaranteed by Article VI, § 7 of the South Dakota Constitution and SDCL 23A–16–3. That right is fundamental in character. It is the duty of the court to so advise the defendant and failure to do so is a de-

nial of due process. *State v. Jameson*, 71 S.D. 144, 22 N.W.2d 731 (1946), *rev'd on other grounds, Nachtigall, supra.*

■ The State argues that since defendant was advised of his right to a trial by jury in Tripp County, at the preliminary hearing, the failure of the circuit court to again advise him of that right was satisfied. In support of that contention, the State relies on *Clark v. State*, 294 N.W.2d 916 (S.D.1980). We do not find that case supportive. In *Clark* the defendant was arraigned in circuit court on January 6, 1977, at which time he was thoroughly advised of his statutory and constitutional rights. Following that arraignment, the defendant entered a plea of not guilty. On the following February 1, the defendant again appeared before the trial court and indicated a desire to change his prior plea of not guilty. The defendant was not then readvised of all of his rights. The defendant in *Clark* maintained that a readvisement should have occurred immediately prior to his plea of guilty. We held that such a readvisement was not necessary, since the trial court could properly assume from the record that the defendant had knowledge, from his initial circuit court arraignment, of his rights and the consequences of his guilty plea when it was entered.

The tape recording and stenographic notes of the preliminary hearing in this case could not be located[2] at the time of the arraignment in circuit court. However, the availability of a transcribed record of the tapes and notes is irrelevant. Just as the trial court cannot assume counsel for the accused fully advised him of his rights, much less can it be assumed a lay magistrate did so. A preliminary examination before a magistrate is not a criminal prosecution within the meaning of art. VI, § 7 of our constitution. Its only purpose is to ascertain whether or not a crime has been committed and whether there is just cause to believe the accused committed it. It is in no sense a trial. *State v. Jameson, supra.*

---

1. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

2. They have since been found, transcribed, and included in the record.

The trial court proceedings, on the other hand, focus totally on a conviction or acquittal objective. Therefore, regardless of the credentials of the acting magistrate, the preliminary hearing record cannot substitute for the duty of the trial court to actively participate, by informing and canvassing, with the accused to make certain that he knows and understands his constitutional rights and the nature and consequences of the plea. The trial court must be able to determine from its own record that the accused has made a free and intelligent waiver of his constitutional rights before a guilty plea is accepted. To illustrate the inadequacy of the preliminary hearing record, the committing magistrate would have no reason to determine whether the accused understood the consequences of his plea because he would not be entering a plea in that setting.

In the next issue, the State concedes that the sentencing judge did not, in open court, canvass the defendant about the factual basis for his plea of guilty. Actually, the record is silent concerning any showing of a factual basis for the plea entered. Rule 11 of the Federal Rules of Criminal Procedure was essentially adopted in SDCL ch. 23A–7. Two separate statutes require the court to establish a factual basis to support a guilty plea. SDCL 23A–7–2 concludes "The court shall not enter a judgment unless it is satisfied that there is a factual basis for any plea except a plea of nolo contendere." SDCL 23A–7–14 mandates the court to "defer acceptance of any plea except a plea of nolo contendere until it is satisfied that there is a factual basis for the offense charged or to which the defendant pleads."

Rule 11 of the Federal Rules of Criminal Procedure (factual basis for a plea) was adopted in substance by this court in *State v. Doherty*, 261 N.W.2d 677 (S.D.1978), and *Spirit Track v. State*, 272 N.W.2d 803 (S.D. 1978) before SDCL 23A–7–2 & 23A–7–14 were enacted. In *Wabasha v. State*, 292 N.W.2d 340, 342 (S.D.1980), we concluded: "It is well-established that the trial court must develop a factual basis for a guilty plea before it may be accepted."

In *Spirit Track, supra* at 805, we explained this requirement by this quote from *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

[I]n addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea. The judge must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information . . .'

Requiring this examination of the relation between the law and the act the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.' 394 U.S. at 467, 89 S.Ct. at 1171.

We held in *Spirit Track* that this factual basis can be established on the record by the judge either questioning the defendant or, if the defendant cannot or will not admit the facts establishing the elements of the crime, the trial court may admit transcripts of testimony, oral testimony, or other sworn statements or tangible evidence which will satisfy the court of the existence of the factual basis for the plea. *See* SDCL 23A–7–14. Unlike the record required to establish waiver of constitutional rights upon entry of a guilty plea, a transcript of the preliminary hearing could provide the evidence that there is a factual basis for the plea.

Appellant raises other issues, namely: incompetent counsel, additional arraignment failures, and insufficiency of evidence for probation revocation. However, since the case must be reversed and remanded for a new arraignment, such claims may not then arise.

The judgment of conviction is reversed and the case is remanded to the circuit court for further proceedings.

All the Justices concur.