**Dale Louis CLARK a/k/a Bucky Clark, Appellant,**

v.

**Herman SOLEM, Warden, Individually and in his official capacity, and Richard Rist, Associate Warden, Individually and in his official capacity, South Dakota State Penitentiary, Appellees.**

No. 82–1480.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1982.

Decided Nov. 23, 1982.

Darla Pollman Rogers, Meyer Law Office, Onida, S.D., for appellant.

Mark Smith, Asst. Atty. Gen., Pierre, S.D., for appellees.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BRIGHT, Circuit Judge.

BRIGHT, Circuit Judge.

Dale Louis Clark appeals the district court's [1] order denying his petition for a writ of habeas corpus. Clark contends that he made an unknowing and involuntary guilty plea to a burglary charge, and that the state trial judge unconstitutionally imposed upon him a prison sentence longer than that received by his codefendant. We affirm the judgment of the district court.

## I. Background.

On December 2, 1976, Clark and William LaCroix were arrested, charged with three counts of third-degree burglary, and placed in the Hughes County, South Dakota jail. At an arraignment on January 6, 1977, Clark entered a plea of not guilty. Twenty-six days later, however, on February 1, 1977, Clark changed his plea to guilty to one count of third-degree burglary and, pursuant to a plea bargain agreement, the prosecutor dismissed the other two counts. The state court judge on the same day sentenced Clark to ten years in the state penitentiary.

Following his conviction, Clark filed a petition for post-conviction relief in state court. The trial court denied Clark's petition and the state supreme court affirmed. *Clark v. State,* 294 N.W.2d 916 (S.D.1980). Clark then sought a writ of habeas corpus in the federal district court for the District of South Dakota under 28 U.S.C. § 2254. Clark challenged his conviction and ten-year sentence on the grounds that: (1) he did not enter a guilty plea knowingly or intelligently; (2) the police coerced him to plead guilty by mistreating him during his imprisonment in the county jail; and (3) the state court denied him equal protection by imposing upon him a more severe sentence than the five-year sentence of his codefendant.

The federal district court denied Clark's petition, holding that Clark entered the guilty plea knowingly and independent of any police coercion, and that the sentencing judge did not deny Clark equal protection by sentencing him to a greater term of imprisonment than his codefendant. His appeal to this court followed.

## II. Discussion.

■ We examine Clark's first contention, that he did not enter a guilty plea knowingly or intelligently, in light of the standard that a trial court in accepting a plea of guilty from a defendant must be satisfied that the defendant "understands the nature of the charges, his right to trial by jury, the acts sufficient to constitute the offenses for which he is charged[,] and the possible range of sentences[.]" *State of Missouri v. Turley,* 443 F.2d 1313, 1318 (8th Cir.), cert. denied, 404 U.S. 965, 92 S.Ct. 336, 30 L.Ed.2d 284 (1971); *see Boykin v. Alabama,* 395 U.S. 238, 244 n.7, 89 S.Ct. 1709, 1713 n.7, 23 L.Ed.2d 274 (1969).

In the present case, the federal district court recognized that at the time Clark changed his plea the trial court did not read the elements of the crime nor make a formal statement of the consequences of a guilty plea. After reviewing the state court record as a whole, however, the district court concluded that Clark fully understood the elements and consequences of his guilty plea at the time he entered it.

The district court noted that at Clark's arraignment on January 6, 1977, the state trial judge explained the charges to Clark, informed Clark of his constitutional rights, and that Clark indicated he understood the charges. Other factors cited by the district court as bearing on the voluntary nature of the plea include: (1) Clark's assistance by counsel at all stages of the proceedings; (2) Clark's previous conviction for burglary and

---

1. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.

presumed familiarity with the procedures involved; (3) the absence of any suggestion that Clark, for some reason, might have ceased to understand on February 1 what he indicated he understood on January 6; and (4) Clark's appearance at his December 18, 1981, evidentiary hearing before the federal district court, in which he demonstrated a "high intelligence" and a "clear memory."

■ The record amply supports the district court's determination that at the time Clark pleaded guilty, Clark understood the elements of third-degree burglary, and the consequences of his plea. We therefore affirm the district court's finding in this regard.

Clark's second claim, that police coercion rendered his plea involuntary, raises a substantial issue. Approximately five days after his arrest and incarceration in the Hughes County jail, the police took Clark from the regular cellblock and moved him to an unreasonably cold cell in solitary confinement. Clark claims that during his confinement in the solitary cell, the sheriff attempted to persuade him to "confess" by using physical and verbal threats. At that time, Clark had broken no prison rules ·to warrant his removal to solitary confinement. After three days in the solitary cell, Clark states that the police moved him back to the regular cellblock, where he remained three more days, until the police discovered him attempting to smuggle a letter out of jail through a work release prisoner. Because this constituted an infraction of prison rules, the police transferred Clark back to the cold cell in solitary confinement. After thirty days in solitary, the police moved Clark to a warmer cell in the juvenile cellblock, but continued to keep him isolated from the other prisoners. After another thirty days in the juvenile cellblock, Clark changed his plea to guilty. Clark maintains on appeal that his guilty plea results from continual police pressure he received throughout this sixty-day period to change his plea.

During his solitary confinement, Clark filed an application for a state writ of habeas corpus to challenge his solitary confinement, and on January 6, 1977, the trial court conducted a hearing on his application. Although Clark made no mention of any coercion at his state hearing, Clark now contends he did not do so because he believed the threats would stop when the police removed him from solitary confinement.

The state counters that Clark had many opportunities to raise his claim of coercion, but that he did not avail himself of any of them until five years after his conviction at his hearing in federal court. Consequently, the state argues Clark's assertion of mistreatment lacks credibility. The state also argues that by Clark's own testimony, the freezing conditions and alleged threats ended three weeks before Clark pleaded guilty. In conclusion, the state posits that Clark's guilty plea resulted from a favorable plea bargain rather than any alleged mistreatment.

In examining Clark's charge of coercion, the district court carefully reviewed the record of the hearing conducted by the state trial court at the time Clark changed his plea. In addition, the district court conducted its own evidentiary hearing on December 18, 1981. The district court referred to the following testimony in state court:

BY THE COURT:
Now, Mr. Clark, have any threats been made to you to influence you to plead guilty?

BY MR. CLARK:
I guess not.

BY THE COURT:
Well, were there or weren't there?

BY MR. CLARK:
No.

BY THE COURT:
Has anyone exerted any force or coercion upon you by this court or any law enforcement officer to require you to enter a plea of guilty?

BY MR. CLARK:
I think it was on the part of Sheriff Umiker and pretty cruel punishment that

he dished out to me to kind of further this thing along.

BY THE COURT:

What kind of cruel punishment?

BY MR. CLARK:

I am talking about being kept in solitary thirty days and being kept upstairs for thirty days by myself, a month.

BY THE COURT:

Is this the reason that you are pleading guilty?

BY MR. CLARK:

No, this isn't the reason. I just want this brought out.

■ In evaluating Clark's testimony, the federal district court noted the standard that "[w]hile such a reply does not establish voluntariness per se * * *, it does provide persuasive evidence of voluntariness." *Camillo v. Wyrick,* 640 F.2d 931, 935 (8th Cir.1980). The district court also correctly noted that a prisoner who has been represented by competent counsel, and who has had a full and fair guilty plea hearing, carries a heavy burden to set aside his guilty plea.[2] *Langdeau v. State of South Dakota,* 446 F.2d 507, 509 (8th Cir.1971). The district court found that the evidentiary record made contemporaneously with Clark's guilty plea strongly supported the conclusion that Clark's plea was voluntary.

■ Although the evidence showing that the police mistreated Clark is disturbing, it does not establish that Clark's guilty plea was involuntary. The district court properly considered the circumstances surrounding Clark's change of plea, including the presence of counsel, the plea bargain agreement, and Clark's own testimony before finding the plea to be independent from the alleged acts of mistreatment. Accordingly, the district court's finding cannot be characterized as clearly erroneous.

■ As his final point of error, Clark contends that the state trial court denied him equal protection by sentencing him to a ten-year term of imprisonment while his codefendant, LaCroix, received only a five-year sentence. The district court rejected this argument on the ground that absent extraordinary circumstances federal courts may not review a state court sentence not exceeding the statutory maximum in that state. *Keeny v. Swenson,* 458 F.2d 680 (8th Cir.) *(per curiam), cert. denied,* 409 U.S. 1027, 93 S.Ct. 468, 34 L.Ed.2d 321 (1972), *reh'g denied,* 409 U.S. 1118, 93 S.Ct. 915, 34 L.Ed.2d 703 (1973). As the Supreme Court of South Dakota observed, there is no indication in either the record or Clark's petition that his past records, demeanor, and degree of criminal involvement are so similar to that of his codefendant as to cause the disparity in sentences to be unjust. *Clark v. State,* 294 N.W.2d at 921. Absent such similarities, or any other showing of extraordinary circumstances, we must defer to the trial court's discretion.

III. *Conclusion.*

In sum, we hold that Clark entered his guilty plea to one count of third-degree

---

2. The federal district court also noted that at the close of the state trial court hearing, the trial judge again gave Clark a full opportunity to explain his complaint. After Clark repeated his allegations of mistreatment, the following colloquy between Clark and the trial judge took place:

BY THE COURT:
Now, this is generally the same complaint that you voiced previously in a motion on a writ of habeas corpus and I issued a memorandum decision in a letter, is that correct?
BY MR. CLARK:
Yeah, right. Okay, but I just wanted to bring out this other stuff too, because all the prisoners, when they come in, if they want something out of them, hell, they'll just throw them in solitary confinement until the

Sheriff's Department gets their way or one of them or two of them, okay.
BY THE COURT:
Okay, I understand what you are saying.
BY MR. CLARK:
All right.
BY THE COURT:
Okay. Now, as it pertains to you, are you stating to the Court that your plea of guilty to this first count of third degree burglary is voluntarily made?
BY MR. CLARK:
Yes.
BY THE COURT:
And of your own free will?
BY MR. CLARK:
Yes.

burglary knowingly and intelligently, that he entered it voluntarily and not as a result of police coercion, and that the trial court did not deny Clark equal protection by sentencing him to a term greater than his codefendant.

Affirmed.