**In the Matter of the Application of David Wayne GARRITSEN for Writ of Habeas Corpus.**

No. 14721.

Supreme Court of South Dakota.

Considered on Briefs Sept. 11, 1985.

Decided Nov. 13, 1985.

Rita Haverly of Minnehaha County Public Defender's Office, Sioux Falls, for appellant Garritsen.

Thomas H. Harmon, Asst. Atty. Gen., Pierre, for appellee State of South Dakota; Mark V. Meierhenry, Atty. Gen., on brief.

HENDERSON, Justice.

This is an appeal from an Order denying an Application for Writ of Habeas Corpus. We reverse and remand for resentencing.

On January 27, 1970, David W. Garritsen (Garritsen), appellant-applicant herein, and three other codefendants, were arraigned in Sioux Falls Municipal Court on charges of third-degree burglary. During this hearing, the complaint charging the crime of third-degree burglary was read to the defendants and the Municipal Court explained the following: (1) the right to counsel and the appointment thereof if indigent; (2) the right to a preliminary hearing; (3) the privilege against self-incrimination; (4) the right to be advised of the nature of the complaint; (5) the right to a speedy and public jury trial in Minnehaha County; and (6) the right to confront and compel witnesses. After the explanation of each of these, Garritsen stated that he understood. Garritsen was appointed counsel on January 28, 1970, and in February of that same year, his case was bound over to circuit court.

On March 10, 1970, Garritsen was again before the Municipal Court for arraignment. This time Garritsen was charged with arson based on an incident arising in the county jail while he was awaiting trial on the burglary charges. At this time, the Municipal Court again explained the rights outlined above to Garritsen and Garritsen stated that he understood.

On May 6, 1970, Garritsen was arraigned on the burglary charge in circuit court. During this hearing, the Information was read and a copy thereof furnished to counsel. The circuit court explained the elements of third-degree burglary, Garritsen stated he understood, and counsel said he had also explained the charges and was satisfied that Garritsen understood. The circuit court further explained the right to a speedy and public trial; the right to an attorney and the appointment thereof if indigent; the right to confront and compel witnesses and that "pleas of guilty at this time ... would, of course, waive all those rights to trial." Garritsen, in response, stated that he understood and pleaded not guilty. Moments later, however, Garritsen changed his plea to guilty. The circuit court asked Garritsen if he understood the things previously mentioned and their importance and Garritsen stated that he understood and that he did commit the burglary. At no time, however, did the circuit court explain to or advise Garritsen of the privilege against self-incrimination. The Deputy State's Attorney recommended a sentence of 18 months, Garritsen said he had nothing further to say, that he was ready for sentencing and that no legal

cause existed for not pronouncing sentence at that time. Thereupon, the circuit court pronounced sentence of 18 months in the South Dakota State Penitentiary. The transcripts of the arraignments held on January 27 and March 10, 1970, were in the court file during this proceeding and Garritsen's guilty plea was part of a plea bargain in which the arson charge was dropped.

In 1980, Garritsen's third-degree burglary conviction was used to support a Supplemental Information for Habitual Offender. After being found guilty of being a habitual offender, Garritsen was sentenced to two concurrent life sentences on two counts of rape.

In June 1984, Garritsen filed an Application for Writ of Habeas Corpus contending his 1970 burglary guilty plea was not voluntary. The circuit court denied this application and Garritsen now appeals.

Garritsen raises several issues addressing the propriety of his 1970 guilty plea. First, Garritsen contends that his guilty plea was not voluntary because the circuit court did not advise him of his privilege against compulsory self-incrimination. Second, Garritsen contends that his guilty plea was not voluntary because the circuit court did not advise him of the consequences of his plea, i.e., he was not advised of the maximum penalty. Third, Garritsen contends that under the totality of the circumstances, his guilty plea was not voluntary; and, fourth, Garritsen contends the circuit court erred by immediately imposing sentence and not waiting 48 hours. To the extent the resolution of the first issue is dispositive of this case, we deem the adjudication of the other issues presented to be unnecessary.

■ A guilty plea is not valid unless the record in some manner indicates that the defendant freely and intelligently waived his constitutional right to confront and cross-examine witnesses against him, waived his constitutional right to trial by jury, and waived his constitutional privilege against self-incrimination. *Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279–80 (1969). In order for the record to so indicate a free and intelligent waiver of these constitutional rights, the circuit court must normally canvass the matter with the defendant prior to accepting a guilty plea. *Boykin; Nachtigall v. Erickson*, 85 S.D. 122, 128, 178 N.W.2d 198, 201 (1970). "A silent record is not sufficient." *Nachtigall, id.*

■ Since the rendition of *Boykin* in June 1969, it has become the well-settled constitutional law of this state, that in addition to the canvassing of the above *Boykin* rights, the record must indicate that the pleading defendant understood the nature and consequences of his plea. *Stacey v. State*, 349 N.W.2d 439, 441 (S.D.1984); *State v. Holmes*, 270 N.W.2d 51, 53 (S.D. 1978); *Nachtigall.* The record must indicate that the defendant was informed of his right to a jury trial in the county in which the crime was committed. *Roseland v. State*, 334 N.W.2d 43, 45 (S.D.1983); *State v. Sutton*, 317 N.W.2d 414, 415 (S.D. 1982). The record must also indicate a factual basis for a guilty plea before it is accepted. *Wabasha v. State*, 292 N.W.2d 340, 342 (S.D.1980); *Spirit Track v. State*, 272 N.W.2d 803, 805 (S.D.1978); *State v. Doherty*, 261 N.W.2d 677, 682 (S.D.1978). The circuit court cannot assume counsel has so advised the defendant and the record of the preliminary hearing cannot substitute for the circuit court's duty to actively participate by informing and canvassing the defendant, so as to make certain he understands and knows his rights and the nature and consequences of his plea. *Sutton*, 317 N.W.2d at 415–16. "The trial court must be able to determine from its own record that the accused has made a free and intelligent waiver of his constitutional rights before a guilty plea is accepted." *Id.* at 416.

■ This Court, however, has held that it is not necessary to readvise a defendant of his rights immediately prior to pleading guilty if the record shows the defendant had knowledge of his rights and the consequences of his plea when entered, *Clark v.*

*State,* 294 N.W.2d 916, 919 (S.D.1980), and we have upheld guilty pleas where the *same judge* informed and canvassed the defendant once, and then later accepted a guilty plea without readvising the defendant, where the time lapse was five hours, *Singletary v. State,* 88 S.D. 655, 227 N.W.2d 424 (1975), where the time lapse was 26 days, *Clark,* and where the time lapse was 30 days, *Stacey.* This Court has not, however, condoned a plea of guilty where a different judge previously advised the defendant and the defendant then pleads guilty before a second judge, without complete readvisement. Here, we have a different judge and the second arraignment was 57 days later.

These latter circumstances are the facts of the case now at bar and the record of the May 1970 guilty plea is devoid of any advisement of Garritsen's constitutional privilege against self-incrimination. The mandates of *Boykin* were applicable when Garritsen pleaded guilty in 1970, for in *Nachtigall,* this Court acknowledged that South Dakota courts had been conforming for many years to the requirements of *Boykin* in accepting guilty pleas, and we further held that *Boykin* was "applicable to guilty pleas entered after June 2, 1969." *Nachtigall,* 178 N.W.2d at 201. Under these circumstances, Garritsen's 1970 guilty plea cannot stand. We reverse the circuit court's denial of Garritsen's Application for Writ of Habeas Corpus and remand for resentencing in light of our holding herein.

Reversed and remanded.

MORGAN, J., and HERTZ, Circuit Judge, Acting as Supreme Court Justice, and HERSRUD, Retired Circuit Judge, concur.

FOSHEIM, C.J., concurs in result.

HERSRUD, Retired Circuit Judge, sitting for WUEST, Acting Justice, disqualified.

FOSHEIM, C.J., (concurring in result).

The majority opinion reaches the correct result but inaccurately states the law con-cerning the necessity of the circuit court to readvise Defendant of his rights prior to accepting a guilty plea. It fails to adequately note that Defendant's initial appearance was not before a circuit judge and implicitly indicates that the first explanation of rights by a municipal judge was equivalent to having them explained by a circuit judge.

In *State v. Sutton,* 317 N.W.2d 414 (S.D. 1982), we made it clear that the circuit court is not excused from advising a defendant of his constitutional rights, before he enters a plea even though a magistrate explained these rights at the preliminary hearing. In *Sutton,* we distinguished *Clark v. State,* 294 N.W.2d 916 (S.D.1980), where the defendant was arraigned twice, but both times in circuit court; the second arraignment accommodated a plea change. *Sutton,* 317 N.W.2d at 415. In *Clark,* readvisement was found unnecessary since the trial court could properly assume *from its own record* of the initial circuit court arraignment that the defendant had knowledge of his rights and the consequences of his guilty plea. *Clark,* 294 N.W.2d at 919. In *Sutton,* we noted that just as the trial court cannot assume that the defendant's counsel has fully advised the defendant of his rights, much less can it be assumed that a lay-magistrate did so. *Sutton,* 317 N.W.2d at 415 (citing *State v. Jameson,* 71 S.D. 144, 22 N.W.2d 731 (1946), *rev'd on other grounds* ).

It is of no consequence whether the preliminary hearing was before a lay-magistrate, as in *Sutton,* or before a municipal judge, as in this case. The initial advisement of rights was not before the only court where the guilty plea could be, and was, finally entered. Accordingly, the statement in the majority opinion that "[h]ere, we have a different judge and the second arraignment was fifty-seven days later" is misleading in two respects since it seems to equate a hearing before a municipal judge with a hearing before a circuit judge and it gives importance to the time between arraignments.

This case falls squarely within the rationale expressed in *Sutton.* The fifty-seven day delay is not a relevant factor on this appeal. The thrust of our decision in *Sutton* is that the validity of both arraignments as to the constitutional rights of the defendant *must appear from the record in the circuit court. Sutton,* 317 N.W.2d at 416. Since the circuit court did not fully advise Defendant of all his constitutional rights before he entered his plea, the arraignment is wanting. *See Nachtigall v. Erickson,* 85 S.D. 122, 178 N.W.2d 198 (1970) and *Stacey v. State,* 349 N.W.2d 439 (S.D.1984).