STATE of South Dakota, Plaintiff and Appellee,

v.

David Wayne GARRITSEN, Defendant and Appellant.

Nos. 15778, 15779.

Supreme Court of South Dakota.

Considered on Briefs Jan. 14, 1988.

Decided March 30, 1988.

Roger A. Tellinghuisen, Atty. Gen., Janine Kern, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

John A. Schlimgen of Doyle, Mahoney and Lyons, Sioux Falls, for defendant and appellant.

TIMM, Circuit Judge.

## ACTION

David W. Garritsen (Garritsen) appeals from a judgment of conviction resentencing him to two concurrent life terms in the South Dakota State Penitentiary. We affirm.

## HISTORY OF PROCEEDINGS

On January 7, 1980, in Davison County, the state filed an information charging Garritsen with two counts of first degree rape and a supplemental information charging him with being a habitual offender. A jury found Garritsen guilty of both counts of first degree rape. A second jury found that Garritsen had previously been convicted of two felonies, and thus found him to be a habitual offender under SDCL 22-7-7.[1] The court sentenced Garritsen to two concurrent life terms in the penitentiary.

One of the felony convictions underlying Garritsen's habitual offender conviction was for third degree burglary in Minnehaha County. In 1984, Garritsen filed an "Application for Writ of Habeas Corpus" in the Second Judicial Circuit alleging that the burglary conviction was unconstitutional. The application was denied. On appeal, we reversed. *In the Matter of the Application of David Wayne Garritsen for Writ of Habeas Corpus*, 376 N.W.2d 575 (S.D. 1985). Our order, dated and filed November 13, 1985, remanded the matter to the circuit court in Minnehaha County. Garritsen filed a motion to vacate the burglary conviction. The motion was granted.

On December 9, 1986, Garritsen filed a "Motion for Dismissal of Action for Default" with the Davison County Clerk of Courts. The motion asked the court to (1) vacate the 1980 habitual offender conviction and the two life sentences, and (2) find that the court was without jurisdiction to resentence Garritsen on both the habitual

1. SDCL 22-7-7 reads:

When a defendant has been convicted of one or two prior felonies under the laws of this state or any other state or the United States, in addition to the principal felony, the sentence for the principal felony shall be enhanced by changing the class of the principal felony to the next class which is more severe. The determination of whether a prior offense is a felony for purposes of this chapter shall be determined by whether it is a felony under the laws of this state or under the laws of the United States at the time of conviction of such prior offense. For the purpose of this section, if the principal felony is not classified it shall be enhanced to the class which has an equal maximum imprisonment. For the purposes of this section, if the maximum imprisonment for the principal felony falls between two classifications, the principal felony shall be enhanced to the class which has the less severe maximum authorized imprisonment.

offender and rape convictions. *Application of Garritsen, supra,* and SDCL 15–30–16 [2] were cited in support of the motion. The motion was denied.

On March 27, 1987, Garritsen was resentenced in circuit court, Fourth Judicial Circuit, to serve two concurrent life terms in the South Dakota State Penitentiary.

## ISSUES

WHETHER THE FOURTH JUDICIAL CIRCUIT COURT LACKED JURISDICTION TO RESENTENCE GARRITSEN

*In Application of Garritsen, supra* this court reversed and remanded the decision of the Second Judicial Circuit Court which had denied his application for a writ of habeas corpus. Garritsen argues that this decision required further proceedings in the rape/habitual offender action in the Fourth Judicial Circuit. He contends that after one year had passed from the date of this court's order in the Second Circuit appeal, SDCL 15–30–16 deprived the Fourth Judicial Circuit Court of jurisdiction to resentence him.

 Garritsen's argument is without merit for the clear and elemental reason that this court lacks jurisdiction to enter an order mandating further proceedings in an action other than the one before us on appeal. South Dakota Const. art. V, § 5; SDCL 15–26A (Rules of Civil Appellate Procedure); SDCL 15–30 (Disposition of Appeals to Supreme Court). SDCL 15–30–16 applies solely to the action appealed from and cannot be the basis for dismissal of a separate action.

## WHETHER THE COURT'S RESENTENCING OF GARRITSEN AS A HABITUAL OFFENDER VIOLATED HIS CONSTITUTIONAL RIGHTS

 Garritsen argues that the introduction of the constitutionally infirm Minne-

haha County burglary conviction at the habitual offender trial was error of a constitutional magnitude requiring vacation of his habitual offender conviction.

There is no doubt that a constitutionally infirm conviction cannot be used to enhance a sentence under South Dakota's habitual offender statutes. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *State v. King,* 383 N.W.2d 854 (S.D. 1986); *Application of Garritsen, supra.* However, error even of a constitutional dimension may be deemed harmless where the reviewing court finds that absent the error, it is clear beyond a reasonable doubt that the jury would have returned a conviction. *High Elk v. State,* 344 N.W.2d 497 (S.D.1984).

 We review Garritsen's habitual offender trial in light of the fact that the only issue in such a proceeding is whether the defendant "is the same person as alleged in the habitual criminal information ..." SDCL 22–7–12. In the present case, the state's evidence consisted of: (1) certified copies of court records from Minnehaha County indicating Garritsen's conviction of third degree burglary, and from United States District Court for the Northwestern District of Iowa indicating Garritsen's conviction of interstate transportation of stolen property; (2) a certified transcript of Garritsen's testimony from the principal felony trial which contained admissions of the prior felony convictions; and (3) the testimony of the court reporter from the principal felony trial identifying Garritsen as the individual who made the admissions. Garritsen presented no evidence. The court instructed the jury that the state had the burden of proving Garritsen to be the same individual mentioned in each of the alleged prior convictions. The jury returned separate verdict forms finding Garritsen to be the same individual previously convicted of burglary and the same individ-

---

**2.** SDCL 15–30–16 reads:

In every case on appeal, in which the Supreme Court shall order a new trial or further proceedings in the court below, the record shall be transmitted to such court and proceedings had therein within one year from the date of such order in the Supreme Court, or in default thereof, the action shall be dismissed, unless upon good cause shown the court shall otherwise order.

ual previously convicted of interstate transportation of stolen property.

Given the nature of a habitual offender trial, the evidence presented,[3] the court's instructions, and the separate verdict forms, we find beyond a reasonable doubt that absent the introduction of the constitutionally infirm conviction the jury would have found Garritsen to be the same individual previously convicted of interstate transportation of stolen property. Because only one valid prior conviction was required under SDCL 22–7–7, the court below did not err in resentencing Garritsen as a habitual offender.

By affirming the resentencing, we need not reach the issue of whether the double jeopardy clause of the state and the federal constitution would bar retrial of Garritsen on the habitual offender charge.

Affirmed.

MORGAN, Acting Chief Justice, and HENDERSON, SABERS, and MILLER, JJ., concur.

TIMM, Circuit Judge, sitting for WUEST, C.J., disqualified.

---

**3.** We have previously noted that in a habitual offender trial a duly certified copy of a record of a previous conviction by a court of record is sufficient to satisfy a trier of fact beyond a reasonable doubt that the defendant was the individual convicted. *Alexander v. Solem,* 383 N.W.2d 486 (S.D.1986).